GEORGE W. DARLING & al. vs. JABEZ SIMPSON & als.

Where expense has been incurred by the joint order of the fish committee, in pursuance of the provisions of the statute of *Feb.* 28, 1833, entitled, "An act to prevent the destruction of fish in the town of *Sullivan*," the action to recover it of those made liable by the statute must be brought in the name of the whole committee; and one of the number cannot defeat the action, if payment be made to him of his share.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The action was assumpsit, brought in the name of *George W. Darling*, and *Joshua Wilkinson*, as surviving members of a fish committee, consisting of three, chosen by the town of *Sullivan* in pursuance of the statute of *February* 28, 1833, entitled, "An act to prevent the destruction of fish in the town of *Sullivan*," for money jointly expended, against the defendants as owners of the mill referred to in the statute. *Wilkinson* appeared by his counsel, and filed a motion, in which he set forth that he had no claim against the defendants, having been employed and paid by the town of *Sullivan*, that the suit was commenced without his knowledge, and moved that the action be discontinued. The counsel for the defendants insisted that the action for that cause ought not to be suffered to proceed further, and that the Court ought to order a

nonsuit. The counsel for the plaintiff offered to indemnify *Wil-kinson* against any costs in consequence of that action, and opposed the motion to dismiss the action. The Court overruled the motion, and permitted the action to stand for trial. The jury found for the plaintiffs, and the defendants filed exceptions.

*T. Robinson*, for the defendants. The powers given by statute to a fish committee, like this, can be exercised only by a majority. *Stephenson* v. *Gooch*, 7 *Greenl.* 152. If a majority acted in incurring the expenses, they did not in commencing the action. One of the two disclaims the suit, and it ought to have been dismissed.

The action should have been brought by *Darling* alone. The payment to *Wilkinson* operated as a severance of the cause of action, as did also the death of the other member of the committee.

*J. A. Wood*, for the plaintiffs. The fifth section of the act, referred to in the report, authorizes the committee, as such, to recover the money expended, in an action of assumpsit. The action must be brought, by the terms of the act, by the committee in their official character. All acted in incurring the expenses, and in performing the services, and all must join in bringing the suit. It is a joint, and not a several right, and is a mode beneficial to the defendants, as they are entitled to have all they have paid to either, deducted. If this view be correct, it furnishes an answer to the whole argument.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — From the case as presented, we are to understand, that the fish committee, for the town of *Sullivan*, incurred expense, in causing to be kept open a sufficient sluice way for the passage of fish, with which the defendants were liable to be charged, in an action of assumpsit, to be brought by the committee. After money had been expended by their joint order and procurement, it would be inequitable to permit one of them, by a separate adjustment, to deprive his colleague of all remedy, for what he has a right to claim. Uniting in the authority to perform the duty, and make the expenditure, that authority may be taken to be a continuing one, until the business is consummated. The statute gives the action to the committee, so that there can be no such severance of the claim, as will sustain the action of one alone, or of

less than a majority. No injustice is done to the defendants, who were allowed what they have already paid. And the member of the committee, who attempts to defeat the action, is fully indemnified from all liability, arising from the use of his name. On the other hand, to sustain his motion for a nonsuit, would occasion a failure of justice, to the prejudice of his colleague, without any benefit to himself.

It having been made to appear, that the committee were sworn, that ground of exception, according to the agreement of the parties, has been removed.

*Exceptions overruled.*