## W. W. CHAPMAN, APPELLANT, v. JAMES H. WILBUR, RESPONDENT.

AMENDING DECREE—MOTION TOO LATE, WHEN.—A party comes too late who applies seventeen months after entry of a decree, for leave to amend the same without showing excuse for the delay.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*J. G. Chapman*, for the motion.

*Moreland & Atwater*, contra.

By the Court, BONHAM, C. J.:

This was a suit to set aside a conveyance of real estate in the city of Portland, which was determined by this Court at the July term, 1873, by dismissing plaintiff's cause generally, for want of merits.

On the 6th day of August, 1873, a motion for a rehearing was filed by appellant,.and after due consideration of the same by the Court, was overruled. In January, 1875, this motion was filed asking leave to correct the decree of this Court, made in August, 1873, so as to show that the cause was dismissed without prejudice.

In support of the motion there is no accompanying affidavit or other showing by which this Court can determine that the decree, dismissing plaintiff's cause, was not correct, as entered of record by the clerk. But counsel suggests, on the argument, that it is within the recollection of some members of this Court, who sat in this cause at the time that the same was dismissed, in August, 1873, that when the decision of the Court was orally announced it was ordered that the cause be dismissed *without prejudice,* and that the clerk in entering the decree inadvertently omitted those words.

On the other hand, opposing counsel claim that, after the signing of the record and the adjournment of the term, a judgment or decree cannot be amended except in cases where there is something in the record, or at least something which is *quasi* of record, by which the error complained of is indicated. And it is furthermore urged that, in no event could the relief sought by this motion be granted, on account of the laches of the appellant in making his application therefor.

It appears, from the record, that the decree of this Court, dismissing appellant's cause, was entered of record on August 5, 1873; that, on the following day, a motion for rehearing was filed, which was overruled by the Court, and that a mandate was sent to the court below, and that near seventeen months have been allowed to elapse since the

entry of the decree complained of, before any steps were taken to correct or amend the same.

We are clearly of the opinion that, in the absence of any showing of a valid excuse for such unreasonable delay, this motion should be denied, on the ground of laches in the moving party.

It is the duty of attorneys to see that the journal entries are correctly made, in causes in which they are interested; and if, for any reason, they should fail to do so, the earliest practicable opportunity should be made available for the purpose of securing any desired correction. It would be an unwise practice to allow the final judgments and decrees of courts to be modified or amended in any material respect, except upon the prompt action of the parties interested, and for good and sufficient reasons.

Motion denied.