[Filed April 30, 1891.]

## STATE INSURANCE CO. *v.* O. R. & N. CO.

INSURANCE — PARTIAL ASSIGNMENT. — Where the value of property destroyed by fire occasioned by the act of a wrong-doer is in excess of the amount of insurance money paid thereon, and the owner assigns his claim against the wrong-doer to the extent of the insurance money paid to the insurer, the latter has only a joint interest with the owner in a single cause of action, and cannot sue at law thereon alone.

PARTIES — CONSENT OF CO-PLAINTIFF. — Hill's Code, § 381, which provides that "if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint," does not apply to actions at law.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals. Affirmed.

*R. Eakin & Bro.*, and *Cox, Teal & Minor*, for Appellant.

An insurance company, upon paying a loss by fire, is subrogated to the rights of the insured, and at common law sues in the name of the insured, but for its own benefit. (*Hart* v. *Western R. R. Co.* 13 Met. 99, 46 Am. Dec. 719; 1 Phil. Ins. 464; 2 *Id.* 282; *Conn. Fire Ins. Co.* v. *Erie Ry. Co.* 73 N. Y. 399, 29 Am. Rep. 171; *Clark* v. *Wilson*, 103 Mass. 223, 4 Am. Rep. 532; *Monmouth Co. Ins. Co. Hutchinson, etc., Co.* 21 N. J. Eq. 107; *Hall* v. *Railroad Co.* 80 U. S. 367.)

The insured cannot discharge the claim. (*Dunn* v. *Snell*, 15 Mass. 481; *Jones* v. *Witter*, 13 Mass. 308; *Timan* v. *Leland*, 6 Hill, 237; *Atlantic Ins. Co.* v. *Storrow*, 1 Edw. Ch. 621.)

The action should be brought in the name of the insurance company and not in the name of the insured. (*Cummings* v. *Morris*, 25 N. Y. 625; Hill's Code, § 827; *Hoyt* v. *Thompson*, 5 N. Y. 320; Pomeroy, Rem. § 147.)

All choses in action are assignable, except causes of action arising out of an injury to the person. (Hill's Code, §§ 369, 370; *People* v. *Tioga Co.* 19 Wend. 73; *Haight* v. *Hayt*, 19 N. Y. 464; *Byxbie* v. *Wood*, 24 N. Y. 607; *Graves* v. *Spier*,

58 Barb. 349; *Butter* v. *N. Y. & Erie R. R.* 22 Barb. 110; *Johnson* v. *Smith*, 13 N. Y. 322; *Weire* v. *Davenport*, 11 Iowa, 49, 77 Am. Dec. 132; *Tyson* v. *McGuineas*, 25 Wis. 656; *Devlin* v. *Mayor*, 63 N. Y. 8; *Wheelock* v. *Lee*, 64 N. Y. 242; *McKeage* v. *Hanover Fire Ins. Co.* 81 N. Y. 38, 37 Am. Rep. 471; *Blair* v. *Hamilton*, 48 Ind. 32; *Chapman* v. *Plummer*, 36 Wis. 262; *Haight* v. *Green*, 19 Cal. 113; *McArthur* v. *Green Bay & Canal Co.* 34 Wis. 139; *Ined* v. *Central R. R. Co.* 25 How. Pr. 285; *Waldron* v. *Willard*, 17 N. Y. 466; *Merrill* v. *Grinnell*, 30 N. Y. 594.)

The remedy is at law, even where the action is prosecuted in the name of the insured. (*Gales* v. *Hailman*, 11 Pa. St. 520.)

The contention of the defendant that this cause of action is within the provision of section 8, sub. 1, Code of Civil Procedure, is untenable. "The injury to the person or rights of another not arising on contract" is limited by the principle of *ejusdem generis* to injuries of the same character with the specific injuries mentioned in the same clause. (*Barton* v. *La Grande*, 17 Or. 577; Rap. & Lawr. Law Dic.; Endlich on Stat. § 405.)

*W. W. Cotton*, and *Zera Snow*, for Respondent.

It is not negligence *per se* for a railroad company to allow dry grass and stubble to accumulate upon its right of way. (*R. R. Co.* v. *Butts*, 7 Kan. 314; *White* v. *Railway Co.* 31 Kan. 280; *Kesee* v. *Railway Co.* 30 Iowa, 78, 6 Am. Rep. 643; *Railway Co.* v. *Dennis*, 32 Am. & Eng. R. R. Cas. 318.)

The plaintiff has no right to sue alone for the cause of action set forth in the complaint. (*Mandeville* v. *Welch*, 5 Wheat. 289; *Peoria Ins. Co.* v. *Frost*, 37 Ill. 336; *Grain* v. *Aldrich*, 38 Cal. 514, 99 Am. Dec. 423; *Field* v. *Mayor*, 6 N. Y. 187, 57 Am. Dec. 435; *Burnett* v. *Crandall*, 63 Mo. 415; *James* v. *Newton*, 142 Mass. 371; 56 Am. Rep. 692; *Thomas* v. *Mining Co.* 54 Cal. 578; Pom. Eq. Jur. § 1274; Bliss, Code Pl. § 65; *Smith* v. *Jones*, 15 Johns. 229; *Willard* v. *Sperry*, 16 Johns. 121; *Marziou* v. *Pioche*, 8 Cal. 536; *Herriter* v. *Porter*, 23 Cal. 385; *Pope* v. *Huth*, 14 Cal. 407; *Pierce* v. *Robinson*, 13 Cal. 120; *Swarthout* v. *Chicago, &c., R. R. Co.* 49 Wis. 625; *Burrage* v. *Mining Co.* 12 Or. 169; *Ætna Ins. Co.* v. *R. R. Co.* 3 Dillon, 1; *London Assur. Co.* v. *Sainsbury*, 3 Doug. 245; *Rockingham Ins. Co.* v. *Bosher*, 39 Me. 253, 63 Am. Dec.

618; *Hart* v. *West. R. R. Corp.* 13 Met. 99, 46 Am. Dec. 719; *Conn. Ins. Co.* v. *N. Y. R. R. Co.* 25 Conn. 265, 65 Am. Dec. 571.)

LORD, J.—This is an action to recover the sum of $515, paid by the plaintiff, as insurance money, to R. J. Rodgers and S. B. Williamson, on account of certain hay, valued at $1,600, which had been destroyed by the negligence of the defendant. To the extent of the insurance money paid thereon, Rodgers and Williamson duly assigned to the plaintiff their claim against the defendant. It thus appears that the total value of the property destroyed by the negligent act of the defendant was greatly in excess of the amount of insurance money paid by the plaintiff to Rodgers and Williamson, for which the assignment was taken. As assignee of a portion of such claim or liability against the defendant as a wrongdoer, the plaintiff has brought this action in its own name for its recovery.

The question is, has the plaintiff a right to sue alone upon such a state of facts. As in this state, it is the distinction between forms of action at law only that is abolished, and not the distinction between actions at law and suits in equity, as in several of the code states, it is contended that the assignment being of a portion of a claim or liability in tort is purely equitable, and can only be enforced in equity in a suit in which all the parties interested in the cause of action are made parties; that by reason of this, when our Code provides that "every action shall be prosecuted in the name of the real party in interest," in actions at law, it applies only to those holding the legal right or title, and not those holding an equitable right or title. Hence, as the assignment confers merely an equitable title upon the plaintiff, it can only be enforced by the plaintiff by a suit in equity in its own name, jointly with Rodgers and Williamson as plaintiffs, or as defendants, if they refuse to join, because the plaintiff has no right or interest which is recognized at law. But the subrogation of the insurer, upon payment of the insurance, to the rights and remedies of the insured,—the party holding the legal title,—to the extent

of such payment, is purely an equitable result and the creation of equity, which, operating as an equitable assignment, authorizes the plaintiff to bring an action at law in the name of the insured for his benefit.

Why, then, may not the plaintiff, under the provision of the Code cited, whether he acquires his right or interest in the liability of the defendant for its wrongful act by an assignment purely equitable, or by subrogation, which operates as an equitable assignment, pursue his remedy at law in his own name, joining Rodgers and Williamson as plaintiffs, upon the same principle that the plaintiff could at common law bring his action at law in the name of the insured? In either case the singleness of the action is preserved and the rights of the parties are the same, the remedy only being varied as it may be affected by the provision of the Code. However that may be, there is but one wrongful act complained of, causing one loss and creating but one liability. It is a single wrongful act giving rise to but one liability upon a claim which is indivisible. It is immaterial whether the insurer acquires his right or interest by subrogation or assignment. When the property destroyed exceeds the value of the insurance money paid, he only acquires a joint right or interest with the owner of such property in a single cause of action or liability. Where there is but one liability or cause of action, those united in interest must adjust their loss in a single action. "The logic of the general requirement," says Mr. BLISS, "that actions should be brought in the name of the real party in interest, and that all who are united in interest should unite as plaintiffs, clearly demands the union of the assignor with the assignee of a part." (Bliss on Code Pl. § 65.) Together they constitute the real parties in interest upon a claim which is indivisible. "To hold that these plaintiffs cannot unite in one action," said LYON, J., "to enforce what is really but one liability or cause of action, but that each must bring a separate suit, would open the door to litigation which would be most oppressive to the defendant, and which would pro-

duce much mischief." (*Swarthout et al.* v. *Railroad Co.* 49 Wis. 625.)

Equally as emphatic is Judge DILLON, that the insurance company cannot sue the wrongdoer who occasioned the loss in its own name. "The wrongful act," he said, "was single and indivisible, and gives rise to but one liability. If one insurer may sue, then, if there are a dozen, each may sue, and if the aggregate amount of all the policies falls short of the actual loss, the owner could sue for the balance. This is not permitted." (*Ætna Ins. Co.* v. *Railroad Co.* 3 Dillon, 1.) Likewise Judge LAWRENCE said: "If the property is burned through the carelessness of some third person, can such person be liable to as many suits as there are insurances? Is there more than one cause of action against him? And can that be indefinitely divided? What is the measure of damages? Is it the injury done by him to the property, or the amount the insurance companies have paid? Clearly the former. If the insurance companies have paid more than the actual loss, they cannot make him liable for what they have paid. He is liable to the owner of the property for the injury he has done to it, and although a wrongdoer, it is still his right to have the loss adjusted in a single suit." (*Peoria Ins. Co.* v. *Frost et al.* 37 Ill. 337.)

All this goes to show that in cases of this sort, where the wrongful act is single and indivisible, there can arise but one liability or cause of action. While at common law this liability would be enforced in the name of the insured, under the Code, except where the insurance company has paid the full value of the property, the loss of which was occasioned by the negligent act complained of, and the insurer by reason thereof has no interest, the insurer and owner of the property may join to recover the whole loss in one action. Together they have a united interest in a single cause of action or liability to which the negligent act of the defendant gave rise. The insurer acquires, not a new and separate cause of action, but only a right or interest with the owner of the property in a single cause of action or liability,

and cannot, therefore, in such case sue in his own name alone. It is upon this principle, which preserves the indivisibility of the action arising out of one loss and one liability, that under the old practice the action would have been brought in the name of the insured for the benefit of all concerned; but the Code requiring the action to be brought in the name of the real party in interest, the insurance companies and the owners of the property destroyed constituting such party, would have to join in the recovery. In other words, the insurance companies would join the owner in bringing one action to determine the liability of the defendant.

But it is said, if the owner or some one of the companies should refuse to join, there is no authority under our Code in actions at law to compel parties jointly interested to join in the action. While we have a section which provides that "of the parties to the suit, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint," (Hill's Code, § 385) it does not apply to actions at law. In states where all distinctions between law and equity are abolished, as in Wisconsin, where there is a provision similar to our section 385, *supra,* there is no difficulty about compelling parties to join, as the case of *Pratt* v. *Radford,* 52 Wis. 118, illustrates. Unless the parties united in interest are willing to join, there is no provision in our Code in actions at law to compel them. Ordinarily, reliance may be placed upon the interest of parties to voluntarily join when they are united in interest, but if some one should refuse, as has happened in cases of other sort, recourse will have to be sought in equity until the legislature shall obviate the difficulty, if any change is desirable. To allow separate actions to be brought where there is but one liability would be illogical and contrary to established legal principles, and would be productive of mischief and oppression. As the court said

in *Swarthout* v. *Railway Co., supra:* "For a single wrong-ful act, which gave rise to but one liability, the defendant might be harassed with a dozen different actions." As well on principle as to avoid useless litigation this ought not to be permitted.

The judgment must be affirmed.