Argued October 15, decided October 22, 1912; rehearing denied April
29, 1913.

Judgment modified on motion June 3, 1913.

Motion to recall mandate and modify same denied July 29, 1913.

## WILLIAMS *v.* PACIFIC SURETY CO.

(127 Pac. 145: 131 Pac. 1021: 132 Pac. 959: 133 Pac. 1186.)

**Parties—Plaintiffs—Joint Obligees.**

1.  At common law a joint obligee could not sue in his own name
alone, but could join his co-obligee as plaintiff, even against his remon-
strance, by giving bond to save him harmless from costs.

**Setoff and Counterclaim—Existence of Remedy—Rights at Common
Law.**

2.  At common law a defendant could not counterclaim a demand
so as to obtain an affirmative judgment against plaintiff for anything
but costs, but under the code counterclaims are allowed, and an
affirmative judgment may be had thereon without limit.

[As to the right to interpose counterclaim or setoff exceeding
jurisdiction of court, see note in Ann. Cas 1913B, 159.]

**Judgment—Determination of Issues—Several Parties.**

3.  While at common law only one judgment can be given in favor
of all plaintiffs or all defendants, the court, under Section 41, L. O. L.,

may give judgment for or against one or more of several defendants, or for or against one or more plaintiffs, as justice may require, and determine the ultimate rights of the parties between themselves.

### Parties—Joinder.

4. Under Article I, Section 10, of the Constitution, providing that every man shall have remedy by due course of law for injury done him, and Section 983, L. O. L., providing that when jurisdiction is by the organic law or by the code, or by any other statute, conferred on a court, all the means necessary to carry into effect are given, and, in the exercise of the jurisdiction, where the course of the proceeding is not specifically pointed out, any suitable process may be adopted, the court, where a particular form of procedure is not prescribed by the code, may pursue that which will secure the rights of all the parties and an orderly trial of the case, and, in the absence of any statutory provision for compelling an unwilling co-obligee to join as plaintiff in an action at law, one obligee may, on the refusal of the co-obligee to join, sue the obligor and make the co-obligee a defendant, and compel him to litigate his rights, and thereby determine the rights of all the parties.

### Appeal and Error—Affirmance—Overruling of Demurrer—Permission to Answer.

5. In an action at law where the judgment of the trial court overruling a demurrer to the complaint is affirmed, the Supreme Court will not remand the case with directions to permit the defendants to answer on the merits, it having no authority to determine, on affidavits *dehors* the record, the question of the existence of possible meritorious defenses which were not interposed.

### Appeal and Error—Disposition of Case on Appeal—Allowance of Leave to Plead.

6. The Supreme Court, affirming an order overruling a demurrer to the complaint in an action at law, thereby overruling prior decisions, will allow the defendant the privilege of applying to the Circuit Court for leave to answer, which permission may be granted or not in the discretion of the Circuit Court.

### Appeal and Error—Jurisdiction of Appellate Court After Remand.

7. This court retains jurisdiction over a cause until the end of the term at which the case was decided, although the remitter may have been issued before the expiration of the term.

### Appeal and Error—Correction of Mandate—Jurisdiction.

8. If a remitter fails to express correctly the ultimate determination of a cause, the appellate court, though after the term at which the case is decided, has, in its inherent authority over its own judgments and decrees, plenary power to recall and correct the mandate so as to make it conform to the decision which was rendered.

### Pleading—Demurrer—Answering Over.

9. Answering over after a demurrer to a complaint is overruled does not waive the objections, raised by the demurrer, that the complaint does not state a cause of action and that the court has no juris-

diction of the subject matter, so the prudent practice is to answer over after the demurrer is overruled.

**Principal and Surety—Breach of Contract—Liability of Surety—Damages.**

10.  Where a surety company executed a bond for the sum of $25,000 to guarantee the performance of a contract by a third party for the delivery of 200,000,000 feet of logs, the measure of the surety's liability upon breach is not the sum specified in the bond but actual damages.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE McBRIDE.

This is an action by F. F. Williams against the Pacific Surety Company, a corporation, the Oregon-Idaho Company, a corporation, and A. H. Ford, the facts being as follows:

In August, 1910, the defendant Oregon-Idaho Company, a corporation, entered into a written contract with A. H. Ford and F. F. Williams, the plaintiff in this action, whereby they agreed to furnish said Ford and the plaintiff 200,000,000 feet of saw-logs at the agreed price of $7 per thousand feet, the time and manner of said delivery being set forth in the contract.   To secure the performance of the contract, the Oregon-Idaho Company gave a bond to Ford and Williams in the sum of $25,000, conditioned for its faithful performance, upon which bond the defendant Pacific Surety Company became surety.  The Oregon-Idaho Company defaulted and was adjudged bankrupt, and Williams brought this action on the bond, alleging that Ford refused to join with him as a plaintiff, and for that reason he was made a defendant.   There was a prayer in the complaint for judgment against the defendant Pacific Surety Company and in favor of plaintiff and defendant Ford for the amount of the bond.

All the defendants except the Pacific Surety Company made default.  That company demurred on the ground (1) that there was a defect of parties plain-

tiff, in that Ford was not joined as a plaintiff; and (2) that the complaint did not state facts sufficient to constitute a cause of action.    This demurrer being overruled, they elected to stand thereon, and thereafter a judgment was taken against them for want of answer, from which judgment they appeal to this court.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Thomas H. Crawford, Mr. Thomas Mannix* and *Wilbur, Spencer & Dibble,* with oral arguments by *Mr. Crawford* and *Mr. Mannix.*

For respondent there was a brief over the names of *Platt & Platt* and *Mr. J. O. Bailey,* with oral arguments by *Mr. H. G. Platt* and *Mr. Bailey.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This appeal presents but one question: Can the plaintiff bring this action without joining his co-obligee in the bond as a plaintiff?

1. At common law a joint obligee could not sue in his own name, but could join his co-obligee as plaintiff even against his remonstrance by giving a bond to save him harmless from costs.    The same rule prevailed in many of the states, and especially prior to the adoption of code procedure: 1 Chitty, Pl. 11; *Petrie* v. *Bury,* 3 Barn. & C. 353; *Vernon* v. *Jeffreys,* 2 Stra. 1146; *Ingham Lumber Co.* v. *Ingersoll Co.,* 93 Ark. 447 (125 S. W. 139, 20 Ann. Cas. 1002); *Gray* v. *Wilson,* Meigs (Tenn.), 394; *Sweigart* v. *Berk,* 8 Serg. & R. (Pa.) 308; *Darling* v. *Simpson,* 15 Me. 175.

2. But at common law a defendant could not counterclaim a demand so as to obtain an affirmative judgment against the plaintiff for anything but costs, the

amount of which could be readily estimated, so that
it was not difficult for the court to fix the amount of
a bond which would safely protect an unwilling co-
obligee against any liability which might result from
a failure of an action in which he was included as a
plaintiff.   Under our code counterclaims are allowed,
and an affirmative judgment may be had thereon with-
out limit.   It would, therefore, be impossible for the
court in advance to fix, with any approximation to cer-
tainty, the amount of a bond which would protect an
unwilling plaintiff from the possible consequences of
an action begun in his name.

3. Again, at common law, only one judgment could be
given, namely, a judgment in favor of all the plaintiffs
or all the defendants, or *vice versa.*   In this state, the
court may give judgment for or against one or more of
several defendants, or for or against one or more
plaintiffs, as justice may require, and determine the
ultimate rights of the parties between themselves:
Section 41, L. O. L.

4. Article I, Section 10, of our Constitution provides
that "every man shall have remedy by due course of
law for injury done him in person, property or reputa-
tion," and in pursuance of this provision (Section 983,
L. O. L.) provides that "when jurisdiction is, by the
organic law of this state, or by this code, or by any
other statute conferred upon a court or judicial officer
all the means to carry it into effect are also given; and
in the exercise of the jurisdiction, if the course of the
proceeding be not specifically pointed out by this code,
any suitable process or mode of proceeding may be
adopted which may appear most conformable to the
spirit of this code."   This wipes out common-law pro-
cedure, as such, with all its delays and technicalities,
and leaves the court free to adopt such common-law
procedure when in conformity with the spirit of the

code, and to reject it when a procedure better calculated to faciliate the administration of justice presents itself. In this state no provision is expressly made in the code for compelling an unwilling co-obligee to join as a plaintiff in an action at law. By the demurrer the making of the bond, the breach, and the injury to plaintiff are admitted. Considered apart from the common-law holdings of the courts on this subject, the plain, speedy mode of procedure would appear to be to bring the unwilling co-obligee in as a defendant and compel him to litigate his rights. By this course nobody is injured or defrauded. The defendant can set up any defense here that it could have had he appeared as a plaintiff. Procedure is not the end for which law was instituted, but the means by which justice may be administered in an orderly manner; and where a particular form of procedure is not prescribed by the code, as in this case, it is the duty of the court to pursue that which will secure the rights of all the parties, and an orderly trial of the case, and we think this has been done in the case at bar.

The judgment of the Circuit Court is affirmed.

AFFIRMED.

Denied April 29, 1913.

ON PETITION FOR REHEARING.

(131 Pac. 1021.)

Opinion by MR. CHIEF JUSTICE McBRIDE.

5. For the reasons stated in the original opinion (127 Pac. 145), to which we still adhere, the petition for rehearing is denied. It would be contrary to the uniform practice in this court and a precedent for future delay should we in an action at law affirm the judgment of the court below overruling a demurrer, and

at the same time remand the case with directions to permit the defendants to answer on the merits. While in equity cases, which are tried *de novo* in this court, such a procedure has been permitted in a few instances, there is no precedent for a like procedure in a law action. Such cases come to us upon the case made in the court below, and we have no authority to hear and determine on affidavits *dehors* the record, and filed for the first time in this court, the question of the existence of possible meritorious defenses which the defendant did not interpose when it had an opportunity. The rule may appear to operate harshly in the present instance, wherein a large sum of money is involved; but the result is one which might have been averted had the defendant answered when its demurrer was overruled.

The application to remand with leave to answer is overruled. AFFIRMED: REHEARING DENIED.

Granted June 3, 1913.

MOTION TO MODIFY JUDGMENT.

(132 Pac. 959.)

MR. JUSTICE BURNETT delivered the opinion of the court.

MR. CHIEF JUSTICE McBRIDE dissents.

6. This action at law was brought upon a joint bond by one of the obligees without joining his co-obligee as plaintiff; but the latter was made defendant on the ground that he had refused to participate in the commencement of the action. The defendant demurred to the complaint because of a defect of parties apparent on the face of that pleading. The demurrer was overruled, and on defendant's appeal the decision of the Circuit Court was affirmed. A petition for rehear-

ing has been denied, and now the matter has been presented on a motion to so modify our former judgment as to give the defendant leave to apply to the Circuit Court for permission to answer on the merits.

We do not intend to be understood as receding from the principle announced in the first opinion herein to the effect that at law, as well as in equity, a joint party to an obligation in his favor may sue on it, making his co-obligee a defendant, if the latter refuses to join in the litigation in their common interest. This conclusion, of course, overrules decisions of this court holding that in such cases only the equity courts can redress the plaintiff's grievance. Among such precedents are *State Ins. Co.* v. *Oregon R. & N. Co.,* 20 Or. 563 (26 Pac. 838); *Home Mutual Ins. Co.* v. *Oregon R. & N. Co.,* 20 Or. 569 (23 Am. St. Rep. 151, 26 Pac. 857); *Fireman's Ins. Co.* v. *Oregon R. R. Co.,* 45 Or. 53 (76 Pac. 1075, 2 Ann. Cas. 360, 67 L. R. A. 161).

The abruptness of this radical change in the course of judicial decision, however, ought to be so tempered as not to work even possible injustice on litigants who had good reason to rely on the former deliverances of this court. Decisions are made to be obeyed in the first instance and for the guidance of those who subsequently find themselves in similar circumstances. Nevertheless, in the nature of human affairs, even precedents of courts cannot be made mathematically inflexible, and necessarily they must sometimes be relaxed. Even then it should be a matter of gradual or moderate readjustment minimizing as much as may be the injuries which may accrue to litigants who have relied upon the former rule. In such matters the court is vested with wide discretion. In the early law action of *McDonald* v. *Crusen,* 2 Or. 259, the rule was established thus: "Upon appeal from a judgment upon demurrer below, it is the general rule that judgment

of affirmance here is final; but this court will hold a discretionary control in cases where cause is alleged for rehearing, or for further proceedings below.'' It was applied also in a law action as late as *Fishburn* v. *Londershausen,* 50 Or. 363, 377 (92 Pac. 1060, 15 Ann. Cas. 975, 14 L. R. A. (N. S.) 1234).

Each case must depend on its own circumstances so far as the application of the rule is concerned, but on principle there can be no question about the discretionary power of the court in such instances. Considering the fact that the decision of this case has in effect overruled several former determinations of the court, the resulting situation is one calling for the exercise of the optional prerogative already described. We cannot make an absolute rule in the first instance that the Circuit Court shall without fail permit the defendant to answer over, because that would depend upon many possibilities that are not properly cognizable by an appellate tribunal and which would appeal primarily to the discretion of the trial court. All we determine is that in our own discretion we allow the defendant the privilege of applying to the Circuit Court for leave to answer, which permission may be granted or not in the discretion of that tribunal.

Our former judgment will be modified accordingly.

MODIFIED.

Mr. Chief Justice McBride dissents.

Denied July 29, 1913.

MOTION TO RECALL MANDATE.

(133 Pac. 1186.)

Mr. Justice Moore delivered the opinion of the court.

This is a motion to recall a mandate. The judgment herein was affirmed October 22, 1912: 127 Pac. 145.

A petition for a rehearing and an application to remand the cause with leave to answer were denied April 29, 1913: 131 Pac. 1021. Based thereon, judgment was entered in this court, but by inadvertence it was rendered against the defendant A. H. Ford, who, refusing to join in the prosecution of the action, was made an adverse party. He was entitled, however, to a share of the money so ordered to be recovered against the appellant, the Pacific Surety Company. Conforming to the judgment so erroneously entered, a mandate was issued and mailed to the clerk of the lower court, who, without filing the remitter, delivered it to plaintiff's counsel, who returned it for correction. Thereupon appellant's counsel renewed their motion for permission to apply to the trial court for leave to answer, which latter motion was granted, and the original judgment rendered in this court was modified to that extent: 132 Pac. 959. Predicated on the alteration a second remitter was issued July 3, 1913, and sent to the clerk of the lower court. This motion was interposed to prevent entering the mandate of record, to have it recalled and corrected to correspond with the judgment as it was intended to have been rendered. April 29, 1913.

It is argued that, when the petition for a rehearing was denied and the mandate sent down, the jurisdiction of this court over the cause terminated; and, this being so, it was powerless thereafter to modify the judgment of October 22, 1912, or to allow application to be made to the lower court for leave to answer, and the determination to that effect is a void judgment which should be corrected.

7. A diversity of judicial expression exists as to when an appellate tribunal loses control of a cause, in respect to which the following rules have been established by courts of last resort, to wit: (1) Jurisdiction

is retained until the remitter is sent to and filed in the lower court; (2) the right further to hear and determine a cause is reserved until the end of the term at which the case is decided, although the remitter may have been issued before the expiration of the term; and (3) jurisdiction ceases when, without accident, fraud, or inadvertence, the remitter has gone down: *Ott* v. *Boring,* 131 Wis. 472 (110 N. W. 824, 111 N. W. 833, 11 Ann. Cas. 857, 866).

8. These rules are subject, however, to the prevailing precept that, if in issuing the remitter a mistake is made in the language employed to express the ultimate determination of a cause, the appellate court, after the expiration of the term at which the case is decided, has, as an exercise of its inherent authority over its judgments and decrees, plenary power to recall and correct the mandate so as to make it conform to the decision which was rendered.

If the first rule hereinbefore referred to is controlling, it follows that, the original mandate not having been filed in the lower court, but was returned for correction, jurisdiction of this court over the cause was not thereby divested. However that may be, we have adopted the second rule which governs this case: *Chapman* v. *Wilbur,* 5 Or. 299; *Morrell* v. *Miller,* 28 Or. 354, 370 (43 Pac. 490, 45 Pac. 246); *Livesley* v. *Johnston,* 47 Or. 193, 196 (82 Pac. 854); *Krause* v. *Oregon Steel Co.,* 50 Or. 88, 91 (91 Pac. 442, 92 Pac. 810).

The original petition for a rehearing herein was denied April 29, 1913, but an application for a reexamination of the question was renewed during the same term of court after the mandate was returned by plaintiff's counsel for correction without having been filed in the lower court. If the remitter had not been sent back, however, this court, during the term at which the rehearing was denied, was empowered to

66 Or.—11

recall the mandate and reconsider the cause if it satisfactorily appeared that substantial justice had not been administered.

9. A defendant who, in order to delay the trial of a case, interposes to a complaint a demurrer, and when it is overruled declines further to plead, permitting a judgment or a decree to be rendered against him, is not entitled to much sympathy after such determination is affirmed on appeal, for, if the procedure suggested were allowable, the judicial examination of issues between parties to a suit or action would be unduly protracted. If a complaint fails to state facts sufficient to constitute a cause of action or suit, or if the court does not have jurisdiction of the subject matter, answering over, after a demurrer to the plaintiff's primary pleading has been overruled, does not waive such defects, and hence it is prudent that an answer should generally be filed in the cases which are believed by defendant's counsel to come within the specifications indicated. Where, however, by the former decisions of this court a rule of practice has been adopted, which guide is relied upon by a defendant in demurring to a complaint, and after the demurrer is overruled, if he elects to stand upon such formal mode of challenging the sufficiency in law of the initiatory pleading and a judgment or a decree is rendered against him, he ought not to be subjected to a very severe penalty for supposing that the procedure so apparently approved would not be departed from in his case. Mr. Justice Burnett in the judgment rendered herein June 3, 1913, refers to the overruling of our decisions by the determinations reached in this case: 132 Pac. 959.

10. In order to guarantee the faithful performance of the contract of the Oregon-Idaho Company to deliver to the plaintiff and Ford 200,000,000 feet of logs, the

Pacific Surety Company gave to the latter a bond in the sum of $25,000. If, by reason of a breach of the agreement, the obligees referred to sustained damages to the extent of the sum so specified, they are entitled, upon a trial of the cause, to recover that amount from the Pacific Surety Company. Such *quantum* of damages is the full measure of the plaintiff's recovery as against the surety, and he has no just cause of complaint because a way is suggested whereby he is required to establish, to the satisfaction of the court and jury, the pecuniary compensation to which he is entitled for the loss suffered through the omission of the Oregon-Idaho Company.

A sense of fairness will undoubtedly convince unprejudiced persons that proof of the damages suffered should be made at a trial of this cause rather than that a judgment for the sum specified in the bond should be rendered against the appellant without a hearing or determination of the question of damages.

The motion herein should be denied, and it is so ordered.

MOTION TO RECALL MANDATE DENIED.