Argued March 12, reversed March 24, rehearing denied April 21, 1914.

# WILLIAMS *v.* PACIFIC SURETY CO.

(139 Pac. 914.)

**Appeal and Error—Notice of Appeal—Persons Entitled.**

1.   Under Section 550, L. O. L., providing for notice of appeal to
such adverse party or parties as have appeared, no notice of appeal
need be served on a surety of appellant on its former appeal in the
same case, against whom judgment was entered as such surety, nor
on a codefendant who did not appear.

**Appeal and Error—Nature or Remedy—Statutory Provisions.**

2.   Appeal is a statutory remedy, which must be pursued in the
manner prescribed by statute.

**Appeal and Error—Remand—Vacation of Judgment.**

3.   Where a complaint at law made a joint contractor of plaintiff
a defendant because he refused to become plaintiff, and defendant,
relying on a line of decisions of the Supreme Court, relied on its
demurrer to the complaint and refused to answer, but the Supreme
Court decided that the complaint was not subject to the demurrer, and
granted defendant permission to apply to the Circuit Court to set

aside the judgment and for leave to answer, the refusal of the Circuit Court to grant the application, when accompanied by a sufficient proposed answer and affidavit of defense, is error.

> [As to conclusiveness of adjudications on demurrer, see note in 44 Am. St. Rep. 566.]

**Appeal and Error—Review—Successive Appeals—Law of the Case.**

4.  The decision of the Supreme Court on a former appeal is the law of the case on a subsequent appeal in the same case.

> [As to effect of judgment where right to appeal exists, see note in 37 Am. St. Rep. 29.]

**Judgment—Vacation—Discretion of Court.**

5.  While the trial court is vested with a discretion in the matter of vacating its judgment and permitting the defendant to answer, it is a legal discretion to be exercised in accordance with the principles of law and in a manner to do substantial justice.

**Appeal and Error—Review—Discretion of Trial Court.**

6.  The decision of the trial court on an adjudication to set aside its judgment is reviewable for abuse of discretion, even in the absence of any improper motives on the part of the court.

From Multnomah: HENRY E. McGINN, Judge.

In Banc.    Statement by MR. JUSTICE RAMSEY.

This is an action by F. F. Williams against the Pacific Surety Company and others. From a final order and judgment refusing to set aside a judgment in favor of plaintiff and defendant A. H. Ford, against defendant Pacific Surety Company and another, and denying leave to file an answer, the Pacific Surety Company appeals.    REVERSED, WITH DIRECTIONS.

For appellant there was a brief over the names of *Messrs. Wilbur & Spencer* and *Mr. Thomas H. Crawford,* with oral arguments by *Mr. Schuyler C. Spencer* and *Mr. Crawford.*

For respondent there was a brief over the names of *Messrs. Platt & Platt, Mr. J. O. Bailey* and *Mr. Charles W. Fulton,* with oral arguments by *Mr. Fulton* and *Mr. Bailey.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

On August 1, 1910, the Oregon-Idaho Company, an Oregon corporation, entered into a contract with F. F. Williams and A. H. Ford whereby said company undertook to deliver to Ford and Williams, in a pond at a certain mill at Glendale, Oregon, 200,000,000 feet of logs at the rate of not less than 10,000,000 feet during the first year from the date of said contract, and from 15,000,000 to 25,000,000 feet, at the option of said Ford and Williams, or their successors and assigns, during each and every year thereafter, until the 200,000,000 feet of logs should be delivered. Ford and Williams agreed to pay $7 per thousand feet for said logs, so to be delivered. For the faithful performance of its contract, the Oregon-Idaho Company executed to Ford and Williams a bond in the sum of $25,000 with the Pacific Surety Company, a corporation, as surety thereon. Said surety company joined in the execution of said surety bond. The Oregon-Idaho Company delivered to Ford and Williams, under said contract in August, 1910, 240,000 feet of logs, but failed to deliver any more logs under said contract, and said company was adjudged by the United States District Court for the District of Oregon to be an involuntary bankrupt, and Forrest S. Fischer became trustee in bankruptcy of the estate of said company. In January, 1911, after obtaining the permission of the said bankruptcy court to do so, F. F. Williams, as sole plaintiff, instituted an action in the Circuit Court of Multnomah County, against the Oregon-Idaho Company and the Pacific Surety Company and A. H. Ford, for the purpose of recovering from said Oregon-Idaho Company and said Pacific Surety Company, upon said bond, the sum of $25,000 as damages. In the complaint, it was stated that said A. H. Ford

refused to join as plaintiff in said action, and that he was made a defendant for that reason. Said action was brought to recover $25,000 as damages for a breach of said contract, for the delivery of said logs by said Oregon-Idaho Company.

The defendant, the Pacific Surety Company, appeared in said action and demurred to the complaint therein, alleging, *inter alia:*

"That it appears upon the face of the complaint that there is a defect of parties plaintiff in that A. H. Ford is not joined as a party plaintiff."

The Circuit Court overruled said demurrer. The defendant the Pacific Surety Company, believing that its demurrer should have been sustained, stood by said demurrer, and the court below, having entered judgment against the defendant companies for the amount demanded in the complaint, the Pacific Surety Company appealed to this court from said judgment, and this court affirmed the decision of the court below, overruling the said demurrer: 66 Or. 151 (127 Pac. 145). Subsequently, on a motion for that purpose, this court modified said judgment, so as to permit the defendant the Pacific Surety Company to apply to the court below for permission to answer to the merits: 66 Or. 151 (132 Pac. 959). The mandate from this court was entered in the court below on August 1, 1913. The appellant's motion to set aside the judgment against the appellant and for leave to file an answer to the merits was filed in the court below on October 21, 1913. It was accompanied by an affidavit of merits and by the answer which the appellant desired to file. Said motion and a copy of the proposed answer were served on the attorneys for the plaintiff on October 21, 1913, and on November 12, 1913, the court below denied said motion, and refused to set aside said judgment or permit the appellant to file

an answer. The order of the court below denying said motion does not state any reason for denying it. The defendant, the Pacific Surety Company, appeals, and asks this court to reverse the order of the court below, and permit it to answer.

1. The plaintiff contends that this court has no jurisdiction of the appeal for the reason that the notice of appeal was not served on the Oregon Surety & Casualty Company or upon A. H. Ford. A. H. Ford was made a defendant because he refused to be joined as a plaintiff, but he has not appeared in this case in any manner.

2. As counsel for the plaintiff assert, appeal is a statutory remedy, and this remedy must be pursued in the manner prescribed by statute: *Donart* v. *Stewart,* 63 Or. 76 (126 Pac. 608) ; *Lewis* v. *Chamberlain,* 61 Or. 150 (121 Pac. 430).

If a party complies with the statute relating to appeals, he is entitled to that remedy. Our statute provides upon whom notices of appeal shall be served. Section 550, L. O. L., provides, *inter alia,* as follows:

"If the appeal is not taken at the time the decision, order, judgment, or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the state, and file the original, with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree, or order is entered."

That is the statutory requirement as to the giving of notice of appeal where the notice is not given in open court when the judgment, order or decree is granted.

In the first place, a notice of appeal is required to be served on no parties excepting those who are adverse to the appellant. In the second place, it is not

necessary to serve the notice of appeal on a party who is adverse to the appellant, but who has not appeared in the action or suit. A. H. Ford is a party adverse to the appellant, but he never appeared in this case, and hence it was not necessary to serve the notice upon him.

The Oregon Surety & Casualty Company is not a party adverse to the appellant. It was surety for the appellant on its undertaking for its first appeal and for a stay proceedings, and judgment was entered against it because it was such surety for the appellant. Its interests are in common with, and not adverse to, the interests of the appellant. Both it and the appellant are interested in getting rid of the judgment. The Oregon Surety & Casualty Company has never appeared in this case. It was not necessary to serve the notice of appeal on said company.

In 23 Cyc., page 1278, the author says:

"The surety on a bond given in the course of legal proceedings submits himself to the acts of the principal and to the judgment as of itself, a legal consequence, falling within the suretyship, and therefore is conclusively bound by a judgment against the principal to the exclusion of all defenses which were or might have been set up by the latter."

The judgment against the surety on the appeal bond was taken without any notices being served upon it, and such surety could not have filed an answer in this case. There is no good reason for serving a notice on such surety.

In 3 Cyc. pages 460, 461, the author says:

"On the setting aside of a judgment, order, or decree, a dependent judgment or proceeding ancillary and accessory thereto shares its fate, and falls to the ground along with it, and, generally, the appellate court will specifically set aside such dependent matters so as to give consistency to the record."

We hold that the appellant gave proper notice of appeal.

3. The main question on this appeal is whether the court below erred in refusing to open up the judgment and permit the appellant to file its answer. The order of the court is silent as to the court's reasons for its action. This court remanded the case to the court below with an express provision that the appellant should have the right to apply to the court below for leave to be permitted to file an answer to the merits. This application was made and refused.

This is an action to recover $25,000 as damages for the failure of the defendant, the Oregon-Idaho Company to perform its contract for the delivery to Williams and Ford of the amount of sawlogs which it agreed to deliver, as stated *supra,* and for which it was to be paid by them $7 per thousand feet. The appellant executed, with said company, to Williams and Ford, a surety bond in the sum of $25,000 conditioned for the faithful performance of said contract by said Oregon-Idaho Company. Said company failed, was adjudged a bankrupt, and this action was brought to recover $25,000 as damages for the breach of said contract. It seems that A. H. Ford, one of said parties to whom said logs were to have been delivered, refused to join in bringing this action, and instead of his being a party plaintiff, the other party, F. F. Williams, alone brought this action, and made Ford a party defendant, with the Oregon-Idaho Company and the appellant. The appellant, the Pacific Surety Company, filed a demurrer alleging that there was a defect of parties plaintiff, in that Ford was not made a party plaintiff. This demurrer was overruled by the court below, and the appellant, believing its demurrer to have merit, failed to answer, and appealed to this court. The court below entered judgment against the

70 Or.—14

appellant for $25,000, the full amount of the bond which the appellant had executed as surety, as stated *supra.* This judgment was affirmed by this court, with the qualification that the appellant should have the right to apply to the court below for leave to answer to the merits. Such application was made and refused by the court below, and this appeal was taken. The facts and circumstances are unusual.

The contract sued on is a joint one in favor of Williams and Ford, and, according to the practice heretofore recognized and enforced by the decisions of this court, an action at law upon said contract would have had to be brought in the name of both of said persons, Williams and Ford, as plaintiffs: See *State Ins. Co.* v. *Oregon R. & N. Co.,* 20 Or. 563 (26 Pac. 838) ; *Home Mutual Ins. Co.* v. *Oregon R. & N. Co.,* 20 Or. 569 (26 Pac. 857, 23 Am. St. Rep. 151) ; *Fireman's Ins. Co.* v. *Oregon R. R. Co.,* 45 Or. 53 (76 Pac. 1075, 2 Ann. Cas. 360, 67 L. R. A. 161) ; and *Williams* v. *Pacific Surety Co.,* 66 Or. 151 (132 Pac. 959). Section 394, L. O. L., provides that those who are united in interest must be joined as plaintiffs, but it provides further that, if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be made a party defendant, the reason therefor being stated in the complaint, but this section applies only to suits in equity.

4. The decision of this court, heretofore made in this case, is the law of this case, and we are not criticising it, but we refer to the decisions named *supra,* to show that there was what the bar had a right to regard as a settled practice, at the time that the appellant's demurrer was filed, sustaining the point made by its demurrer. If the trial court had followed the rule upon that point, announced by the decisions of this court prior to the filing of the appellant's demurrer, it

would have sustained said demurrer, and the plaintiff's case would have been dismissed, and he would have had to bring a suit in equity for the redress of his grievance. Where a rule of practice has been announced and recognized by this court in a number of cases, covering a considerable period of time, the bar and litigants have a right to rely thereon until such rule of practice has been changed. The bar is not required to foresee that rules of practice will be altered by the Supreme Court, or departed from by subsequent decisions. Neither counsel nor litigants should suffer by changes in rules of practice which no human wisdom could anticipate. Appellate courts have the right to overrule previous decisions which are contrary to sound principles; but, when they overrule former decisions establishing rules of practice, they should see that litigants are not injured or deprived of their rights as the effect of such change. Under the extraordinary circumstances of this case, the appellant should have been permitted to file its answer, and make its defense on the merits. To deny it this right, under the circumstances, is to shut the door of justice in its face, and to deprive it of its property without a hearing, to which it is entitled.

5. While the court below was invested with a discretion in this matter, that discretion was a legal discretion to be exercised according to the principles of the law, and in a manner to do substantial justice. The discretion vested in the trial court is a legal and not an arbitrary or personal discretion, and it must be so exercised as to do substantial justice under the circumstances of each particular case.

6. The decision of the trial court is reviewable for abuse of discretion. To decide that discretion has been abused does not imply that the trial court acted from improper motives. We do not impugn the mo-

tives or the good faith of the trial court in denying the appellant's motion for leave to file an answer; but, under the circumstances of this case, we hold that it erred, and that this error was of so serious a nature as to be reversible. We think that to refuse to permit the appellant to answer, under the circumstances of this case, was in effect a denial of justice. The change of the rule of procedure, by a decision of this court, misled the appellant without its fault. We hold that the order of the court below must be reversed.

We find that the answer tendered sets forth a defense, and that the affidavit of merit is sufficient under the circumstances, and that the delay in applying for leave to answer is not sufficient, under the circumstances, to justify the denial of said motion. We cannot pass on the merits of the appellant's defense on a motion for leave to file an answer, further than to see that on its face it states a good defense. It contains various matters, and, on the whole, it contains a good defense. The constitution of the United States declares that no state shall deprive a person of his property without due process of law. To deprive a person of his right to make a defense against a claim of $25,000 damages, by a change in the rules of practice, and without his fault, would seem to come within the spirit of that provision.

The order of the court below appealed from is reversed, and this case is remanded to the court below with directions to sustain the appellant's motion to set aside the judgment referred to therein, and to permit the appellant to file its answer, which was tendered in the court below, and to proceed with this case according to law.    REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE dissents. MR. JUSTICE MCNARY did not sit.