Argued January 5, affirmed February 1, rehearing denied March 1, 1927.

## B. J. HOWLAND *v.* FENNER MANUFACTURING COMPANY.

(252 Pac. 962).

**Appeal and Error—Sustaining Objection to Testimony as to Defendant's Right to Reject Orders not Within Issues at Retrial Held Proper.**

1. In action for commissions on orders taken for defendant's goods, where, in former decision, it was *held* that pleadings did not raise issue as to defendant's right to reject orders received by it, sustaining objection to question to plaintiff's president as to whether order secured by plaintiff was ever filled *held* proper.

**Appeal and Error—Where No Change was Made in Pleadings After Decision on Appeal, Decision Became Law of Case.**

2. On second trial, where no change was made in pleadings after decision on former appeal, decision of the Supreme Court in the former appeal became law of case.

**Trial—Refusal to Give Instruction in Precise Language Requested Held not Error.**

3. Where requested instructions were given in substance it was not error to refuse to give them in precise language requested.

---

2. See 2 R. C. L. 224.
3. See 14 R. C. L. 751.

(1)

Trial—Instruction That Plaintiff to Recover must Show Bad Faith
of Defendant Held Inapplicable to Issues.

4. In action to recover commissions on orders secured by plaintiff,
instruction that in order to recover on orders not filled, plaintiff
must show fraud or bad faith of defendant, *held* inapplicable, where
fraud was not pleaded.

Appeal and Error, 4 C. J., p. 1093, n. 77, p. 1213, n. 83, p. 1215,
n. 89.
Trial, 38 Cyc., p. 1615, n. 21, 22, p. 1711, n. 19.

From Multnomah: WALTER H. EVANS, Judge.

Department 1.

This is the second appeal in this case. The second
trial in the Circuit Court resulted in a judgment for
the sum of $1,687.11 in favor of the plaintiff. No
change was made in the pleadings after the decision
on the former appeal. For a statement of the facts
and issues involved see *Howland* v. *Fenner Mfg. Co.,*
104 Or. 373 (206 Pac. 730, 207 Pac. 1096). The
errors assigned on this appeal are the ruling of the
court sustaining an objection to the question pro-
pounded to the president of the defendant company
while a witness in behalf of the defendant and the
refusal to give three requested instructions.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the name of
*Messrs. Teal, Winfree, Johnson & McCulloch,* with an
oral argument by *Mr. John W. Shuler.*

For respondent there was a brief over the name of
*Messrs. Davis & Farrell,* with oral arguments by
*Mr. W. L. Cooper* and *Mr. M. B. Meacham.*

COSHOW, J.—1. The question to which objection
was sustained was propounded to the president of
the defendant company and referred to orders taken

by the plaintiff and sent to the defendant.  One of the orders was taken from Ed Pruitt and the other order from P. H. Thomas.  The witness was shown plaintiff's exhibit 10, being an order from Ed Pruitt, and was asked if the order was ever filled.  An objection was sustained because the question called for testimony not within the issues.  The defendant then made its offer of proof as follows:

"Plaintiff (defendant) offers to prove by the witness now on the stand that if the witness is allowed to answer he would testify that said order was never filled and no sale consummated from the order received."

No reason is given in the offer of proof at all for not filling the order defendant admits it received through the efforts of the plaintiff.  In the former decision of this case in this court Mr. Justice RAND in his opinion used this language:

"There was no allegation in the pleadings that the contract contained any terms or provisions giving to the defendant the right to disaffirm or reject any order received by it, or that the defendant had ever disaffirmed or rejected any order, or had ever claimed or asserted any right or authority so to do, * * .  It was therefore error for the court to give this instruction, as the instruction covered matters not in issue under the pleadings, and not presented by the evidence."

2. It thus appears that the learned circuit judge ruled correctly in refusing the offer of proof.  The decision of this court in the former appeal is the law in this case: *Wicks* v. *Sanborn,* 81 Or. 366 (159 Pac. 71).  The proof of offer was not within the issues framed by the pleadings.

3, 4. The two instructions designated assignments three and five were given in substance by the judge.

It was not error to refuse to give the instructions in the precise language requested by the defendant. The other instruction requested was in the following language:

"I charge you that while plaintiff is entitled to recover commissions on orders filled, in order to recover on any order not filled, he must show fraud or bad faith on the part of the defendant."

This requested instruction was not within the issues. The defendant did not tender an issue as to orders received and not filled nor was an issue of fraud framed by the pleadings. None of the errors assigned by the defendant is well taken. The judgment is affirmed. Affirmed. Rehearing Denied.

Burnett, C. J., and Rand and Belt, JJ., concur.