Submitted on briefs January 27, affirmed March 1, rehearing denied April 5, 1927.

## ELERATH STEEL & IRON CO. *v.* WILLIAM CORNFOOT ET AL.

(253 Pac. 529.)

**Appeal and Error—Assigned Errors, not Presented in Brief, will not be Reviewed.**

1. Errors assigned, but not presented in brief of appellants, will not be noticed by Supreme Court.

**Appeal and Error—Where Allegations Setting Out Plea of Res Judicata were Stricken Before First Trial, Such Plea was not Available at Second Trial on Same Pleadings.**

2. Where allegations setting out plea of *res judicata* were stricken on motion of plaintiff before first trial, such plea was eliminated, and was not available at second trial conducted on same pleadings.

**Appeal and Error—Decision on Prior Appeal is Law of Case.**

3. Decisions of Supreme Court on former appeal is law of case on subsequent appeal.

---

1. See 2 R. C. L. 178.
3. See 2 R. C. L. 224.

Trial—Whether Lumber was from Structures Demolished Before Certain Date Held for Jury on Conflicting Evidence, Where Decision of Such Issue was Controlling.

4.   Where recovery depended on whether lumber involved was from structures demolished before certain date, and evidence was conflicting, such question was for jury.

Appeal and Error—Refusal of Requested Instruction cannot be Assigned as Error, in Absence of Objection or Exception to Instructions in Lower Court.

5.   Where no exception or objection to instructions given was made or taken, but defendants orally expressed satisfaction with instructions given, they cannot on appeal be heard to say that court erred in refusing instruction requested.

Trial—Failure of Court to Warn Jury to Disregard Voluntary Statement of Plaintiff's Counsel is not Error, in Absence of Request for Such an Instruction.

6.   Failure of trial court to warn jury to disregard voluntary statement made by one of plaintiff's counsel during trial is not error, where defendants made no objection to remarks when made and made no request to have jury instructed to disregard them.

---

Appeal and Error, 4 C. J., p. 78, n. 41, p. 959, n. 82, p. 1213, n. 83. Trial, 38 Cyc., p. 1705, n. 82.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

1.   This is the second appeal in this case.   In the first trial the Circuit Court directed a verdict in favor of the defendants.   The judgment based upon that verdict was reversed by this court in an opinion recorded in 116 Or. 83 (240 Pac. 229).   The second trial was to a jury and a verdict returned in favor of the plaintiff.   From this verdict defendants appeal. Nine errors are assigned, but we will notice only the assigned errors presented in the brief of appellants.

AFFIRMED.   REHEARING DENIED.

For appellants there was a brief over the names of *Mr. J. F. Boothe, Messrs. Teal, Winfree, Johnson· & McCulloch* and *Mr. A. P. Kelley.*

---

5.   See 2 R. C. L. 93.

For respondent there was a brief over the names of *Mr. G. E. Hamaker* and *Mr. Thos. R. Hamer.*

COSHOW, J.—2–4. The greater part of the brief of defendants is based upon the plea of *res judicata.* The allegations setting out this plea were stricken out on motion of the plaintiff before the first trial. The plea of *res judicata* was thereby eliminated. The second trial was conducted upon the same pleadings as the first. The plea of *res judicata,* therefore, is not in the case. The decision of this court on the former appeal is the law in this case: *Howland* v. *Fenner Mfg. Co., ante,* p. —— (252 Pac. 962); *Wicks* v. *Sanborn,* 81 Or. 366 (159 Pac. 71); *Williams* v. *Pacific Surety Co.,* 70 Or. 203 (139 Pac. 914). In the former decision of this court in this case it was held that the judgment-roll in the case of *Montgomery Estate Co.* v. *Elerath Steel & Iron Co.* was admissible as evidence. This is the case claimed by the defendants to be an adjudication of the issues involved in the instant case. An examination of the record, however, discloses that the issues are different in the two cases. Defendants had the benefit of the judgment-roll of the Montgomery Estate Company case as evidence herein. It was pertinent for the purpose of identifying the property therein involved and was an adjudication in so far as that property was concerned, but the lumber claimed by the plaintiff in the case at bar was the lumber taken from the buildings and ways in the streets and such lumber as taken from the other buildings prior to the tenth day of November, 1919, when the lease under which plaintiff claims expired. The learned court properly instructed the jury in the instant case that plaintiff could recover for only such

lumber as was taken from the streets and buildings which were wrecked prior to November 10, 1919. The judgment-roll in the Montgomery Estate Company case adjudicated the ownership of the other material on the leased premises. The Circuit Court ruled properly in denying the motion of defendants for a nonsuit. Whether the lumber involved in the instant case was from the streets and buildings demolished prior to November 10, 1919, or was from buildings wrecked since that date was a question of fact which was properly submitted to the jury.

5. Defendants attempt to predicate error because the court refused to give defendants' instruction No. IV in the exact language as requested. The record shows that no exception or objection to the instructions given by the court were made or taken by the defendants. On the contrary, the record shows that defendants expressed orally in court their satisfaction with the instructions given. Defendants cannot now be heard to say that the court erred in refusing to give the instruction requested.

6. The defendants complain because the court did not warn the jury to disregard the voluntary statement made by one of plaintiff's counsel during the trial. The statement made by the counsel was improper, but the court promptly rebuked counsel for making it. Defendants made no objection to the remarks at that time and no error was made by the court. On the contrary, the court's ruling was correct. The defendants made no request to have the jury especially instructed to disregard the remarks. There is, therefore, no error in the ruling of the court in connection with those remarks.

The only other alleged error presented by defendants is their contention that the court did not instruct

the jury as to the effect of the judgment-roll in the Montgomery Estate Company case. The defendants contend that that case was controlling in the case now before the court. In this defendants are in error. The Montgomery Estate Company case involved different lumber and property.

We have carefully examined the entire record and find no reversible error. The instructions of the court to the jury were complete and so fair that defendants were pleased with them at the time they were given. The evidence was conflicting, and having been properly submitted to the jury and determined in favor of the plaintiff the judgment must be affirmed. It is so ordered.      AFFIRMED.      REHEARING DENIED.