[Filed April 30, 1891.]

## HOME MUTUAL INSURANCE CO. v. O. R. & N. CO.

INSURANCE—SUBROGATION.—Where insured property is destroyed by fire caused by the wrongful act or negligence of a third party, an insurance company paying the loss is, to the extent of the payment, thereby subrogated to the owner's cause of action against the wrongdoer.

ENTIRETY OF ACTION—JOINDER OF PLAINTIFFS.—Where the value of the property destroyed exceeds the amount of insurance paid, the insurer paying the loss only acquires thereby to the extent of the payment a joint interest with the owner in the cause of action against the wrongdoer; hence, in prosecuting such cause of action the owner of the property destroyed must be joined with the insurer paying the loss as a co-plaintiff.

Multnomah county: E. D. SHATTUCK, Judge.

Plaintiff appeals. Affirmed.

The complaint states in substance that on the 30th day of April, 1888, the plaintiff had executed to one J. H. Koontz three insurance policies for the aggregate amount of $20,000 on his mill and its contents at Echo, Oregon; that on that date the said mill and its contents were totally destroyed by fire caused by the negligence of the defendant; that on May 22, 1888, and June 1, 1888, upon proof of loss, the plaintiff paid said Koontz the amount of said policies in full, and that the value of said property so destroyed was the sum of $39,316.72. Judgment is asked for the full sum of $19,888.14 and interest, and for costs and disbursements.

The defendant, after denying the material facts as alleged, set up as a defense in substance that on the 21st day of December, 1888, the said Koontz commenced his action against defendant in the circuit court for Umatilla county for the recovery of the sum of $39,361.72, as damages for the destruction of said mill and its contents, and that subsequently a verdict was rendered therein by the jury in

favor of said Koontz for the sum of $17,500, which was affirmed on appeal to the supreme court, and that the defendant thereafter in that action paid the said Koontz the amount so found as damages for the destruction of said property, and that by reason thereof, the said Koontz was fully compensated for the total amount of the injury to him caused by the defendant, and that said Koontz holds said money in trust for the use and benefit of the plaintiff, etc. And the defendant set up as a further defense, that prior to the commencement of the action of said Koontz against the defendant herein, the plaintiff herein, the Home Mutual Fire Insurance Company, had full knowledge of the circumstances of the destruction of said property, and that an action was about to be commenced by the said Koontz against said railroad company to recover damages for such loss, and was notified by said Koontz and his attorneys of such fact, and was requested by them to prosecute or join with him in prosecuting the action against the said company; that the said insurance company neglected and refused to prosecute either severally or jointly with said Koontz, and disclaimed all interest therein, and permitted said action to be prosecuted alone by said Koontz against said railroad company. The defendants in the present action allege that at the time of the commencement of said action and until after the trial thereof as aforesaid, neither of the defendants had any knowledge that the property alleged to have been destroyed was insured in the plaintiff company, or that said Koontz had received any sum whatever on account of said loss; that after the judgment was recovered, and while said action was pending upon appeal, the defendants for the first time became aware of the fact that the property was insured in said company, and immediately notified the insurance company of the recovery of the judgment in favor of Koontz, and requested it to take such steps as it might deem necessary to protect any interest or claim upon the proceeds of the judgment which it might have; that the insurance company, upon the receipt of such

notice, disclaimed any right, title or interest in the said judgment in favor of Koontz, or the proceeds thereof, and declined to take any steps legally or otherwise; that by reason of the failure of the insurance company to unite with the said Koontz in the prosecution of said action and failure to disclose their interest and to take any steps to prevent the collection of said judgment, whereby Koontz was permitted to receive the entire proceeds of said judgment, the insurance company was guilty of a fraud upon the rights of the defendant and is estopped from prosecuting this action. To these last two defenses, the plaintiff demurred that they were insufficient to constitute a defense, which being overruled by the trial court, the appeal is taken from the judgment rendered therein.

*John M. Gearin,* for Appellant.

*W. W. Cotton,* and *Zera Snow,* for Respondents.

LORD, J.—The question presented by the contention for the plaintiff is, that if a loss under a policy of fire insurance is caused by the wrongful act of a third person, the insurer, upon making payment to the insured *pro tanto,* is subrogated to the rights and remedies of the insured, and may maintain against the wrongdoer an action in his own name, and need not prosecute it in the name of the insured.

This action is brought by the plaintiff in its own right, upon the assumption that the effect of the insurance was to create in the plaintiff a pecuniary interest in the property insured, and that when it was destroyed by the wrongful act of the defendant whereby it became liable and was required to pay for the loss to the extent of the insurance to the insured, it became entitled to a legal remedy against the defendant in its own independent right to the extent which it was compelled to pay for such loss occasioned by the defendant's wrongful act. This involves an inquiry into the nature of the rights which the insurer acquires upon the payment of the insurance for a loss caused by the wrongful act of a third person. The right of the insurance company that has paid a loss to recover of the wrongdoer, after payment of

such loss, rests upon the doctrine of subrogation in its appli-
cation to insurance companies. "Every day," said Lord
MANSFIELD, "the insurer is put in the place of the insured."
(*Mason* v. *Sainsbury*, 3 Doug. 53.)  Subrogation is purely an
equitable result.  It is the creation of equity, is not dependent
on contract, and is enforced for the purpose of attaining the
ends of justice.  It grows out of the relation which the
parties sustain to each other, and the party subrogated
acquires no other or greater rights than those of the party
for whom he is substituted.  As the contract of insurance is
one of indemnity, when a loss occurs by the negligent or
wrongful act of a third party, and the insurer pays the
insured, he is entitled upon equitable principles to be sub-
rogated to the rights of the insured against the wrongdoer·
Hence, the general rule that when property which has been
insured is lost or destroyed by the negligent or wilful act of
another, an action accrues in favor of the insured, and if the
insurer pays the loss he is subrogated to the rights of the
insured, as against the wrongdoer, with all his rights as well
as his remedies.  "Where the property insured," says Mr·
WOOD, "is destroyed by the negligence of a third person, so
that the assured has a remedy against him therefor, the
insurer, by payment of the loss, becomes subrogated to the
rights of the assured to the extent of the sum paid under
the policy.  The assured becomes trustee for the insurer,
and by necessary implication the payment of the loss
operates as an equitable assignment to the insurer to the
extent of the sum paid under the policy." (Wood on
Ins. § 499.)

The owner and insurer, in respect to the ownership of the prop-
erty and the risk incident thereto, are considered but one person,
having together the beneficial right to an indemnity against the
wrongdoer whose negligent act occasioned the loss or destruc-
tion of the property.  The liability of such wrongdoer to the
owner is first and principal, and that of the insurer secondary
—not in order of time, but of ultimate liability. (*Hart* v.
*Western R. R. Co.* 13 Met. 99, 46 Am. Dec. 719; *Hall* v. *R. R.*

*Co.* 13 Wall. 367.)   The insurer standing in no relation of contract or privity with those who are responsible for the loss, his rights arise out of his contract of indemnity and are derived from the assured alone, and can only be enforced in the right of the latter.   "In any form of remedy," says Mr. Justice GRAY, "the insurer can take nothing by subrogation but the rights of the assured." (*Phœnix Ins. Co.* v. *Erie Trans. Co.* 117 U. S. 321.)   The reason for the doctrine that the insurer must enforce his rights in the name of the owner against the wrongdoer or party first liable as principal, TENNY, J., said, was "wholly inconsistent with the principle that the insurer can in his own name recover for money paid on the contract of insurance in an action against the wrongdoer; for the insurer and assured being in effect one person, each cannot maintain an action at the same time and for the same loss, where there can be but one satisfaction." (*Ins. Co.* v. *Bosher,* 39 Me. 256, 63 Am. Dec. 618.) "It has long been settled," said DYER, J., "both in England and in this country, that such a cause of action is single and indivisible, and that in a case like the present the insurer could not at common law sue the wrongdoer in his own name to recover the amount paid the assured, but must bring his action in the name of the assured." (*First Pres. Soc.* v. *Goodrich Trans. Co.* 7 Fed. Rep. 258.)

Where the insurance company has paid the owner for the destruction of his property by fire, occasioned by the fault of a railroad company, and afterwards the owner receives the amount from the company in satisfaction of his damages, he holds it in trust for the insurance company, and it may recover it from him by a suit in equity.   So, too, if the railroad company has not paid the owner his damages for the loss, or has paid it to him, knowing that he had received the amount of the insurance from the insurance company, the railroad company is liable to the insurance company in an action at law, which it has a right to bring in the name of the owner, without his consent, to repay it the damages to the amount of the sum paid by it,

and that a release from the owner would be no defense to such an action. (*Monmouth Ins. Co.* v. *Hutchinson*, 21 N. J. Eq. 108.) The subrogation of the insurer to the remedies of the insured for the destruction of the insured property upon the payment of the loss, operates as an equitable assignment to the insurer to the extent of the amount paid. "It is in the nature," said SHAW, C. J., "of an equitable assignment, which authorizes the assignee to sue in the name of the assignor, for his own benefit." (*Hart* v. *Railroad Co., supra.*)

It results then that the right resting on the doctrine of subrogation, and not depending upon contract or privity, must be worked out through the right of the insured, or the owner of the property destroyed; that the remedy must be prosecuted in his name, unless the code of procedure which permits an action to be brought in the name of the real party in interest has changed this rule. The case of *Ins. Co.* v. *Erie Ry. Co.* 73 N. Y. 399, 29 Am. Rep. 171, is relied upon to support this position. But in that case, the owner had fully settled his claim against the railroad company, but the contract showed that the amount of the policy was deducted from the amount of the loss in the settlement, so that the insurance company was the only remaining party in interest. The action being under the code of that state, which requires the action to be brought in the name of the real party in interest, by this settlement the owner having no interest, it was held that the insurance company might properly bring the action. In *Ætna Ins. Co.* v. *Hannibal Ry. Co.* 3 Dillon, 1, it was held by DILLON, J., that, in a case where the property destroyed exceeded in value the amount insured, the rule of law had long been settled that the insurance company, on payment of the loss, cannot sue the wrongdoer in its own name, saying: "The suit, though for the use of the insurer, must be in the name of the person whose property was destroyed. The wrongful act was single and indivisible, and gave rise to but one liability. If one insurer may sue, then, if there are a dozen, each may sue, and if the aggre-

gate amount of all the policies falls short of the actual loss, the owner could sue for the balance. This is not permitted, and so it was held nearly a hundred years ago." And again: "But it is insisted that the provisions of the Missouri statute, that every action shall be prosecuted in the name of the real party in interest, though it declares that the provision shall not authorize the assignment of a thing in action, not arising out of contract, changes the rule. However it might be, if the amount paid by the insurer to the assured had equaled or exceeded the value of the property, and the assured had made a full assignment, it is plain that this case falls within the reasons of the rule itself, as expounded by BUTLER and MANSFIELD in the case in Douglas above cited, and which is the foundation of the law on this subject."

In *Marine Ins. Co.* v. *R. R. Co.* 41 Fed. Rep. 645, it was held under the Arkansas statute providing that "every action must be prosecuted in the name of the real party in interest," that an insurance company which has paid the insured the full value of the property destroyed may maintain an action in its own name against the wrongdoer causing the loss. CALDWELL, J., said: "Under the reformed codes of procedure, the action of the insurance company in cases of this sort may be brought in the name of the insurer;" citing *Swarthout* v. *R. R. Co.* 49 Wis. 625; *Conn. Ins. Co.* v. *R. R. Co.* 73 N. Y. 399, 29 Am. Rep. 171. "But as it is alleged in the complaint that the plaintiff has paid the insured the full value of the property destroyed, it is plain that the latter have no interest in the present controversy, and hence they are not necessary parties." The opinion is however expressed in that case, if the value of the property destroyed exceeds the insurance money paid, that the insurer might join or be joined with the owner in the action to recover for its loss, and would not be required, as held by Judge DILLON, *supra*, in such case, to prosecute the action in the name of the insured. A like view was sustained in *Crandall* v. *Goodrich Trans. Co.* 16 Fed. Rep. 75, where DYER, J., held that in an action to recover the value of a building destroyed

by a fire caused by the alleged negligence of the defendant, the owner of the building and an insurance company that has paid the amount of the insurance of such building and taken an assignment of the claim from the owner to that extent, may join as parties to the action when the value of the house exceeds the amount for which it was insured. In *Swarthout* v. *Railway Co.* several insurance companies united with Swarthout, to whom they had paid the amount of their policies for property destroyed by the negligence of the defendant, in an action to recover for the value of such property. The defendant demurred on the ground that the plaintiffs could not sue in one action, but each must sue separately. The demurrer was overruled, and the correctness of this ruling was the subject of the controversy. The court says: "It is said if the defendant is liable at all, it is separately and distinctly liable to each insurance company to the amount paid on its policy. But it seems to us that it would be an intolerable rule to allow each insurance company to bring a separate suit. The railroad company might well say, were this attempted: The claim is indivisible; there is but one wrongful act complained of, one loss and one liability. It might well insist that the whole matter should be litigated in one action. And what objection there can be to allowing the owner to unite with the insurance companies in bringing one action to determine the liability of the defendant, we fail to perceive. Under the old practice, the action would probably have been brought in the name of the assured for the benefit of all concerned; but the code requires the action to be brought in the name of the real party in interest. Now, it appears that Swarthout has made an assignment in writing to each insurance company of a part of his claim against the railroad company for the alleged wrongful destruction of his property. It is obvious if one of the insurance companies may bring a separate suit for the amount of its claim, each may; and as the aggregate amount of the policies falls short of the actual loss, Swarthout may sue for the balance. As we have said, a rule of law which

would allow this to be done would operate most oppressively upon the railroad companies. For a single wrongful act, which gave rise to but one liability, it might be harassed with a dozen different actions." In a later case, *Pratt* v. *Radford*, 52 Wis. 118, the court, after citing the section of their statute which provides that "every action must be prosecuted in the name of the real party in interest," and the further section that "of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, but if the consent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint," says: "Under the statutes above cited, the insurance companies could maintain an action against such wrongdoer in their own names, or be joined with the insured as plaintiff in such action. * * * Where the common law procedure prevails, the action of the insurance companies would necessarily be brought in the name of the insured. It could be so brought without his consent, and he would have no control over it. But under our code of procedure, the companies would sue in their own names,—joining the insured as plaintiff, or making him defendant, according to the exigencies of the case."

It would appear then from these last cases that where the property is insured for less than its value, and is destroyed by the negligence of a third party, the insurance companies who have paid the owner the insurance money must be joined with him in an action to recover damages for the destruction of such property, and that upon a refusal of such parties to join as plaintiffs they must be made defendants. The action, though, would be brought in their own name, joining the insured as plaintiff, or making him defendant, according as he stood related to the facts. From all this, the conclusion results that where the wrongful act is single and indivisible, there can be but one liability or cause of action. Since the code, the cause of action remains as before, single and indivisible, and the insurer acquires only a right or interest with the owner of the property in the

XX OR.—37.

cause of action, or liability, and not a new and separate cause of action. He cannot, therefore, sue in his own name alone, in any case, under the code, except where the amount paid by him has exceeded or equalled the value of the property destroyed, and no interest remains in the owner. When the amount of the insurance money paid is less than the value of the property destroyed by the negligent act, all the authorities agree that the insurer must either sue in the name of the insured or join with him in bringing an action against the wrongdoer. None allows that in such case he can sue in his own name alone, for the reason that the wrongful act is single and indivisible, and gives rise to but one liability or cause of action. In that cause of action he acquires a joint right with the owner therein, and not a new and separate right of action, and therefore must prosecute it jointly with him. They have a joint interest in a single liability, and united are the real parties in interest. Now the facts disclosed by this record concede that the property destroyed by the wrongful act of the defendant greatly exceeded in value the amount of the insurance money paid by the plaintiff. To the extent of that payment, the plaintiff became subrogated to the right of the owner in the property, but the cause of action remained single and indivisible, and the plaintiff acquired only a joint right with the owner therein, and not a new and independent right of action, and could not therefore prosecute the action in his own and separate right. Yet this is exactly what the plaintiff has done and claims it has a right to do. If this were so, it would establish an intolerable rule, and expose the defendant to be harassed by a dozen different actions, which it seems to us would be contrary to legal principles, and be productive of mischief and oppression.

The judgment must be affirmed.