Argued May 2, reversed and remanded July 15, 1963

# WIMER *v.* MILLER
383 P. 2d 1005

*E. R. Bashaw,* Medford, argued the cause for appellant. On the brief were Jones, Reeder & Bashaw, Medford, and Yates & Murphy, Roseburg.

*Cleveland Cory,* Portland, argued the cause for respondent. With him on the brief were Rockwood, Davies, Biggs, Strayer and Stoel, George H. Fraser and Richard A. Franzke, Portland.

Before ROSSMAN, J., presiding, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff Donald W. Wimer from a judgment of the circuit court which dismissed this action. The latter sought recovery of damages from the defendant, a physician, upon charges that while the plaintiff was under the defendant's professional care for an injury to his right wrist the defendant, through negligent treatment, inflicted new injuries upon the plaintiff. The defendant's answer denied all allegations of negligence and averred that after the plaintiff was injured in an industrial accident while in the employ of an employer subject to the

Workmen's Compensation Act the Industrial Accident Commission engaged the defendant's services in behalf of the plaintiff. The answer alleged that August 17, 1960, the Commission "granted plaintiff a permanent partial disability award" and that he accepted it. Continuing, the answer alleged:

"* * * By reason of plaintiff's election to receive benefits pursuant to the Workmen's Compensation Act of the State of Oregon and the acceptance of the afore-described benefits and the award, plaintiff has received full compensation for * * * [all matters alleged in the complaint] and is barred from further maintaining this action."

The answer prayed that plaintiff take nothing by his complaint and "that plaintiff's action be dismissed." The reply admitted that the plaintiff was injured while in the employ of the Johns-Manville Corporation and that he received an award under the Workmen's Compensation Act on August 17, 1960. Virtually all other averments of the answer are denied.

Stipulated facts which the parties submitted to the trial court reveal the following. February 17, 1959, the plaintiff, while in the employ of the Johns-Manville Corporation, sustained an accidental injury to his right wrist. The plaintiff's employer was subject to the Workmen's Compensation Act (hereafter termed "the Act") and was a contributor to the State Industrial Accident Fund. Following the injury plaintiff filed with the State Industrial Accident Commission (hereafter "the Commission") an application for benefits under the Act and consulted the defendant for the purpose of receiving treatment for his injury. It was during the course of this treatment that the alleged negligence which, it is claimed, resulted in a permanent disability occurred. Plaintiff received benefits

under the Act until August 12, 1960, at which time the Commission made an award for permanent partial disability which was based upon an evaluation of plaintiff's condition as of that date. The Commission also reimbursed the defendant physician for his services to the plaintiff.

February 8, 1961, the plaintiff filed this action for damages. As an affirmative defense the defendant contended that since the plaintiff filed for and accepted a final award for the injury under the Act, he is barred from maintaining the action. The plaintiff denies that the award he accepted was for the injuries alleged to have arisen from the defendant's negligent treatment. He contends that the award was solely for the consequences of the original injury. The issue which the parties submitted to the trial court and which must be decided upon this appeal is: after the Commission has made and the injured workman has accepted a final award for injury incurred in the course of his employment, may he recover from a negligent physician damages for the aggravation of the original injury.

ORS 656.154 (1) provides:

"If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590."

From ORS 656.312 we quote as follows:

"* * * or if a workman receives an accidental injury due to the negligence or wrong of a third person, entitling him under ORS 656.154 to seek a remedy against such third person, such workman or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person. * * *"

It will be noticed that those two sections of our laws offer no interference to the maintenance of an action of this character if (1) the defendant is "a third person" and (2) he was not "at the time of the injury, on premises over which he had joint supervision and control" with the Johns-Manville Corporation and was not "an employer subject to ORS 656.002 to 656.590." No one contends that the defendant had "joint supervision and control" with the Johns-Manville Corporation over the premises where the plaintiff was injured if we deem the premises as either the place where the original injury occurred (the Johns-Manville plant) or the place where the aggravation occurred (the defendant's medical office). Nor does any one contend that the defendant was "an employer subject" to the Workmen's Compensation Act.

ORS 656.316 states:

"(1) The commission may require the workman or other beneficiaries or the legal representative of a deceased workman to exercise the right of election provided in ORS 656.312 by serving a written demand by registered mail or by personal service upon such workman, beneficiaries or legal representative.

"(2) Unless such election is made within 20 days from the receipt or service of such demand and unless, after making such election, an action against such third person is instituted within such

time as is granted by the commission, the workman, beneficiaries or legal representative is deemed to have assigned his cause of action to the commission."

It is not claimed that the Commission made any effort to require the plaintiff to make an election. It is apparent, of course, that the plaintiff instituted this action and that the latter is an effort "to recover damages" as that term is employed in ORS 656.312, supra.

The defendant contends that a physician whose negligence results in aggravation of the original injury is not a "third person" within the purview of the statute and that in any event the plaintiff's acceptance from the Commission of the final award for his injury constituted an election to take the award in lieu of any damages he may have been entitled to. He concludes that the "election" bars plaintiff from maintaining this action.

■■ In the absence of a clear legislative intent to the contrary, this court is bound to give to the words of a statute their natural and ordinary meaning. *Blalock v. City of Portland*, 206 Or 74, 291 P2d 218 (1955). It is a maxim so well established as to require no citation of authority that a statute is to be construed as a whole and that effect must be given to the overall policy which it is intended to promote.

ORS 656.004, which is the preamble to our workmen's compensation law, reveals in unmistakable language that the purpose of the Act is to define the rights and liabilities of employers and their employees who have sustained injuries in the course of their employment. That section also makes it clear that the degree of certainty brought by the Act into this phase of industrial relations was intended to benefit the

public as a whole by reducing the volume of litigation and thus diminish the cost to the taxpayer. It is only in this role as taxpayers that third persons, that is, persons other than the employer and his injured employee, are designated as beneficiaries under the Act.

We quote the following from *Schumacher v. Leslie,* 360 Mo 1238, 232 SW2d 913 (1950):

> "We think the term 'third person' in § 3699, supra, has its usual meaning. The Act predicates the liability of the employer on the incident of the employment (master and servant) relationship and not on negligence. A third person is one with whom there is no master and servant relationship under the Act. * * *"

We consider this conclusion sound and applicable to our Act. Nothing in the Act persuades us that we would be justified in placing upon the term "third person" a meaning other than the usual one. The Act is intended to govern those who stand to each other in the relationship of employer and employee. All others are third persons to this relationship and, unless specifically referred to in the Act, have neither benefits nor liabilities thereunder. See, generally, Note, Malpractice Actions and Workmen's Compensation, 36 Virginia Law Review 781; *Seaton v. United States Rubber Co.,* 223 Ind. 404, 61 NE2d 177 (1945); *Baker v. Wycoff,* 95 Utah 199, 79 P2d 77 (1938); Suter, Malpractice and the Workmen's Compensation Acts, 17 Insurance Counsel Journal 259; Leidy, Malpractice Actions and Compensation Acts, 29 Michigan Law Review 568. As was said in *Fauver v. Bell,* 192 Va 518, 65 SE2d 575:

> "The physician does not share the burdens of the Act imposed upon the employer and is entitled to none of its benefits. It would seem unreasonable

.to assume that the legislature in its enactment of the Workmen's Compensation Act intended to save a class of wrongdoers unrelated to the compensation scheme from the liability which the law had theretofore imposed upon them, or that independent professions by the fact of business contact with the employer should be relieved of responsibility for mistake or neglect resulting in secondary affliction. * * * "

At common law an injured employee whose injury had been aggravated through the negligence of a physician could tack onto his claim for damages against his employer his claim against the physician. It was reasoned that the physician's negligence was a proximate result of the original injury. But the law also recognized the workman's right to keep the two claims separate and to sue the employer for his negligence and the physician for the consequences of his malpractice. Pollock on Torts (13th ed.) pp 485-487; Suter, Malpractice and the Workmen's Compensation Acts, supra; Leidy, Malpractice Actions and Compensation Acts, supra; Virginia Law Review, Malpractice Actions and Workmen's Compensation, supra.

The following is taken from *Industrial Commission v. Standard Insurance Co.*, 370 P2d 156 (1962):

"* * * The term 'third person' as there used has its usual meaning. It applies to any one incurring a common law liability for injury to workmen not immune to suit under the Act."

We have noted that at common law an injured workman in a situation such as the one before us had two causes of action: one against his employer and the other against the negligent physician. The Act confers upon the employer immunity from an action for

damages. Nowhere does it confer upon the negligent physician a similar immunity. It must be concluded, then, that the injured workman's cause of action against the physician remains.

A further basis for this conclusion appears from the provisions of ORS 656.154 (1) which have been set forth above. That section specifically confers upon two classes of third parties immunity from suit (1) third persons in the same employ as the injured employee and (2) "such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer * * *" subject to the Act. The fact that the legislature specifically conferred immunity upon two classes of third persons warrants an inference that it intended all other third persons to be subject to the general terms of the section which provide for actions by injured workmen against third parties. 2 Sutherland, Statutory Construction, § 4915, p 412.

█ We conclude that a physician in the position of the defendant in the case before us is a third person within the purview of the Act and as such is amenable to an action for damages by an injured workman.

We have noted that the defendant also contends that regardless of whether a person in his position be deemed a third person, the plaintiff is barred from proceeding with this action as a consequence of his acceptance of a final award for his injury from the Commission. In support of this contention defendant relies principally upon the cases of *McDonough v. National Hospital Association,* 134 Or 451, 294 P 351 (1930) and *Williams v. Dale,* 139 Or 105, 8 P2d 578 (1932). The McDonough decision met with partial

concurrence; the Williams case had a dissent. The Williams case, which is almost indistinguishable on its facts from the case at bar, held that when an injured workman accepted compensation for the whole injury, the aggravation by a negligent physician was a part of the original injury and the workman could not recover damages from the physician. In arriving at its result in the Williams case, the court proceeded under the assumption that the acceptance by the workman of a final award under the Act constituted an election and that the workman thereby waived his cause of action against the negligent physician. We proceed to consider whether such an assumption may reasonably be made under existing statutes.

ORS 656.314 says:

"(1) The workman or his beneficiaries, as the case may be, shall be paid the benefits provided by ORS 656.002 to 656.590 in the same manner and to the same extent as if no right of action existed against the employer or third party, until the amount of benefits that the workman or beneficiaries are entitled to under ORS 656.002 to 656.590 can be determined and until damages are recovered from such employer or third party.

"(2) The commission has a lien against the cause of action in the amount of compensation paid to the injured workman or his beneficiaries, including the cost of first aid and other medical, surgical and hospital service, which lien shall be preferred to all claims except the cost of recovering such damages."

ORS 656.318 says:

"Any compromise by the workman or other beneficiaries or the legal representative of the deceased workman of any right of action against an employer or third party is void unless made with the written approval of the commission."

ORS 656.320 provides that an election by the injured workman not to proceed against the third party operates as an assignment of his cause of action against that person to the Commission.

ORS 656.324 (2) states:

"In any third party action brought pursuant to ORS 656.002 to 656.590, the fact that the injured workman or his beneficiaries are entitled to or have received benefits under ORS 656.002 to 656.590 shall not be pleaded or admissible in evidence."

Permeating the above-quoted sections of the Act is the assumption that the injured workman would be receiving or have received benefits under the Act prior to the institution of an action for damages against a third person. In commenting upon these and related sections, Justice McAllister (now Chief Justice McAllister) in the case of *Manke v. Nehalem Logging Co.*, 211 Or 211, 301 P2d 192, 315 P2d 539, said on behalf of this court:

"* * * In the several instances where the legislature has in unmistakable language granted to an injured workman, or if death results from the injury, his beneficiaries, an election to take under the act or seek a remedy against his employer or a negligent third person, the legislature has with meticulous care safeguarded the rights of the workman or his beneficiaries. In those instances the law provides that the workman may receive the benefits of the act and still bring the action for damages against the delinquent employer or negligent third party. ORS 656.312. If the amount recovered is more than the compensation benefits, the workman may retain the excess and if the amount recovered is less the commission is required to make up the deficiency so that the workman receives the full benefits under the act. * * * In other words, neither the injured workman nor his beneficiaries

are required to elect at their peril whether to take under the act or sue the delinquent employer or a negligent third party."

We adhere to this cogent statement of the law under the Act. The right to elect between remedies was granted the injured workman as a benefit rather than a burden. To thrust upon the average worker the dilemma of choosing between damages which might take several months or years to realize and the certain payments to be received under the Act would convert the benefit into a burden. In some cases the evidence of the physician's negligence might not manifest itself until some time after a final award had been accepted.

■ We do not deem the acceptance by an injured workman of benefits under the Act to be an election not to proceed against a third party—in this instance a physician. A review of the McDonough decision in 13 Oregon Law Review 72 stated:

"It therefore appears to follow that there is no reason from rule of law, purpose or language of the statute or public policy which requires that receipt of compensation should bar a workman from proceeding against a wrongdoing third person, in view of the right given him by the statute to do so."

We have noted that the McDonough and Williams cases proceeded under an assumption that an acceptance by the workman of a final award under the act constituted an election and that the workman thereby waived his cause of action against the negligent physician. Whatever merits that assumption may have had under the Oregon Code of 1930, under which those cases were decided, have vanished in light of subsequent alterations to the Act. See, generally, Moore,

Third Party Recovery from Malpracticing Physicians, 2 Willamette Law Journal 48. Such assumption is clearly indefensible under the present statute. The material change in the subsequent legislation renders the McDonough and Williams cases inapplicable to the one now at bar.

■ Although we have mentioned several sections of our Workmen's Compensation Act, we wish to make it clear that plaintiff did not derive the cause of action mentioned in his complaint from any provision of that act. His cause of action came to him from the common law, and our purpose in mentioning the Workmen's Compensation Act has been to show that through amendments of it since the announcements of the holdings in *McDonough v. National Hospital Association,* supra, and *Williams v. Dale,* supra, those decisions no longer prevent an injured workman who is the victim of malpractice from enforcing his cause of action against the physician whose negligence injured him.

We are aware of no reason why a negligent physician should not be held liable for his failure to have acted with reasonable care. The defendant would place the burden for a physician's negligence upon the Commission and through the Commission upon the employer. We do not believe that the Act contemplates this result.

The plaintiff is entitled to proceed with this action.

The judgment of the circuit court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.