8

Argued July 24, affirmed October 13, reconsideration denied
November 19, petition for review denied December 23, 1975

# THE PORT OF COOS BAY, *Appellant, v.* THE CITY OF COOS BAY ET AL (No. 33690), *Respondents.*

541 P2d 156

*George T. Gant,* Coos Bay, argued the cause for appellant. With him on the brief were McNutt, Gant & Ormsbee, Coos Bay.

*William M. Collver,* Coos Bay, argued the cause for respondents City of Coos Bay and City of North Bend. With him on the brief were McInturff, Thom & Collver, Coos Bay.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent State of Oregon, Health Division. With him on the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Marcus K. Ward, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

THORNTON, J.

Plaintiff, Port of Coos Bay, appeals from an order of the circuit court denying its request to enjoin defendants from terminating water service to the Charleston Boat Basin.

Plaintiff contends that the court erred in: (1) not finding that the action taken against plaintiff was discriminatory; (2) finding that plaintiff violated Oregon Administrative Rules, ch 333, § 42-017; (3) failing to find that OAR 333-42-017 is an unreasonable exercise of the police power and unconstitutional as to plaintiff; (4) failing to find that OAR 333-42-017 exceeds the delegation of authority granted by ORS 448.245; (5) finding OAR 333-42-017 applicable to a system constructed prior to January 1, 1972; and (6) failing to find that the requirement of a reduced pressure anti-backflow device was unnecessary and unreasonable and a deprivation of property without due process of law.

Plaintiff owns and operates a marina facility in Charleston, Coos County, known as the Charleston Boat Basin. The facility includes docks and moorages

for pleasure craft and commercial fishing vessels. The port provides water and electric hookups along the dock area. The water which is supplied free of charge to these vessels is furnished by the defendant Coos Bay-North Bend Water Board. The port has four main water connections leading to the docks and moorages. Plastic pipes go down onto the docks from the main connections. At several points along the docks are raised metal faucets with threaded hosebibbs on the docks. Hoses from the hosebibbs are sometimes left turned on, and the hoses are often left in the water.

On September 11, 1973, plaintiff was ordered by defendant Board, pursuant to OAR 333-42-017,[1] to in-

---

[1] ORS 448.220(1) requires that community water systems must be operated in conformity with administrative rules of the State Health Division.

Oregon Administrative Rules, ch 333, § 42-017(2) of the State Health Division, requires that when it becomes known that a cross-connection exists on premises served by a community water system, the manager of the community water system must deny or discontinue water service to those premises until the customer has corrected the condition.

OAR 333-42-017(3) provides in part:

"(3) Backflow prevention devices shall be installed on each service line of the customer's system at or near the property line or immediately inside the building being served, but in all cases, before the first branch line leading off the service line wherever the following conditions exist:

"(a) In the case of premises having an auxiliary water supply which is not of safe bacteriological quality and which is connected to the customer system, the utility system shall be protected against backflow from the premises by a backflow prevention device.

"(b) In the case of premises on which any substance is handled under pressure in such a fashion as to permit entry into the utility system, the utility system shall be protected against backflow from the premises by a backflow prevention device. This shall include the handling of process waters and waters originating from the utility system which have been subject to deterioration in quality.

"(c) In the case of premises having: (1) internal cross-

stall four reduced pressure anti-backflow devices. The reason for the requirement, according to defendants, is that the water of Coos Bay constitutes an auxiliary water supply under the regulations, and that either a break in the pipes with the ends in the water, or a garden hose connected to a hosebibb and left in the water with the faucet open, constitutes a cross-connection with the auxiliary water supply, and if a negative pressure developed in the water supply the water from the bay could get sucked into the water supply system. Plaintiff did not comply with that order, and on February 22, 1974, the Board notified the port that its water service was to be terminated. The port then sought to enjoin the defendants from terminating the water supply. It is from the denial of that injunction that the port appeals.

■ The scope of our review in this case is de novo upon the record. ORS 19.125(3).

■ The port alleges that because every water user with a garden hose has not been required to install an anti-backflow device there is a discriminatory enforcement of the regulations.

We find no evidence in the record to support the plaintiff's contention. The record shows that the cross-connection inspection program started shortly before the port was ordered to install the devices, and that the inspections were made on a priority basis with the greatest hazards being inspected first. There is no evidence of discriminatory enforcement.

■ Plaintiff further alleges that it did not violate

---

connections that are not correctible, or (2) intricate plumbing arrangements which make it impracticable to ascertain whether or not cross-connections exist, the utility system shall be protected against backflow from the premises by a backflow prevention device."

OAR 333-42-017. Plaintiff contends that the record discloses no existing cross-connection, but at most a potential cross-connection. Plaintiff further argues that in order for it to be found in violation of the regulation the court must find that the bay water is hazardous to health, OAR 333-42-017(4)(b), or that the bay water is bacteriologically unsafe, OAR 333-42-017 (3)(a).

From our examination of the record we find that plaintiff is in violation of the regulation in question. A cross-connection is defined as:

> " 'Cross-connection' means any connection, link, or channel between a water supply system carrying domestic water and a pipe or piping system used or intended to be used for some other purpose or between such supply system and a plumbing fixture, appliance, receptacle, vessel, or other device, or a source other than the intended source of water supply, whereby it may be possible for contaminated water or water of questionable or unsafe quality, or fluid substance other than the domestic water, to enter any part of the domestic water supply system." OAR 333-42-017(1)(e).

We find that the Charleston Boat Basin and its existing water supply system fits well within the definition of a cross-connection.

■ Further, we have found an abundance of evidence to support the finding that the water of Coos Bay is contaminated. Plaintiff's own witness testified that by his count there were between 8 and 542 coliform per 100 milliliters, whereas the allowable state standard for drinking water is approximately 2 coliform per 100 milliliters. There is also a sewage outfall into the bay near the boat basin.

Plaintiff next argues that OAR 333-42-017 is an unreasonable exercise of police power and is unconstitutional as to plaintiff.

■ A party asserting unreasonableness has the burden of proving the alleged unreasonableness. *Brookes v. Tri-Co. Met. Transp. Dist.*, 18 Or App 614, 526 P2d 590, Sup Ct *review denied* (1974). We also note that an administrative rule is supported by a strong presumption of constitutionality. *Pacific Tel. & Tel. Co. v. Wallace*, 158 Or 210, 75 P2d 942 (1938).

■ Plaintiff relies on *Kesler & Sons Const. Co. v. Utah State Div. of Health*, 30 Utah2d 90, 513 P2d 1017 (1973), to support its position that the regulation is unreasonable. We think that whereas the rationale of *Kesler,* namely, that a regulation is unreasonable if the mathematical possibility of the event happening is too remote, may be sound, the record before us supports the conclusion that the possibility of contamination of the water system by a backflow from Coos Bay is not so mathematically remote as to make the regulation unreasonable.

Plaintiff has failed to meet its burden of showing the unreasonableness of the regulation.

■ Plaintiff also alleges that OAR 333-42-017 exceeds the delegation of legislative authority granted by ORS 448.245.[2] Plaintiff specifically alleges that the statute applies only to those who operate a community or public water supply system, and it therefore does not apply to mere users such as itself.

---

[2] ORS 448.245 provides:

"In compliance with ORS chapter 183 and to carry out the purposes of ORS 448.210, the division shall:

"(1) Prescribe minimum standards for the biological, chemical, radiological and physical quality of water supplied from community and public water supply systems.

"(2) Set forth minimum requirements for the design, construction, maintenance, interconnection with other water sources and operation of community and public water supply systems.

"(3) Provide criteria and procedures for inspection and testing of community and public water supply systems and existing, new and undeveloped domestic water supply sources to determine suitability."

It is a well established rule of construction that statutes are construed as a whole. *Wimer v. Miller,* 235 Or 25, 383 P2d 1005 (1963); *Clatsop County v. Morgan,* 19 Or App 173, 526 P2d 1393 (1974). When ORS 448.245 is read together with other parts of ORS ch 448, most notably ORS 448.210,[9] it is clear that the regulations are well within the delegation of legislative authority.

■ Plaintiff further alleges that OAR 333-42-017 is inapplicable to a system constructed prior to January 1, 1972, and, therefore, inapplicable to itself.

The statute on which plaintiff relies to support its argument is ORS 448.220, which provides in its relevant portion:

> "Any community or public water supply system constructed prior to January 1, 1972, which has been approved by the division and does not present or threaten to present a health hazard, shall not be subject to rules which may be adopted under ORS 448.245 after January 1, 1972. * * *" ORS 448.-220(2).

After an examination of the statute and regulations we find that plaintiff's contention is not well taken. First, the regulation in question has been in existence for some time prior to the adoption of ORS 448.220. Secondly, the statute is aimed specifically at systems which do not present or threaten to present a health hazard, and we have already concluded that a potential health hazard exists.

---

[9] ORS 448.210 provides:

"The purpose of ORS 448.205 to 448.325 and subsections (2) to (6) of 448.990 is to promote the public health and welfare by providing a regulatory program for community and public water supply systems, and services related thereto, that will assure proper conservation of ground water, assure the availability of adequate and safe water for household use, minimize disease transmission potential and prevent nuisances and hazards to public health."

■ Finally, plaintiff alleges that the required reduced pressure anti-backflow device is unnecessary and unreasonable and a deprivation of property without due process of law. We dealt with plaintiff's contention of unreasonableness above and see no need to detail the discussion again other than to state that the requirement is not unreasonable. We also are unable to find any deprivation of property in the case at bar. There has been no appropriation of property here, but merely a requirement to install certain devices to protect the health of the public. Such a requirement is well within the scope of the state police power. *See, Daniels v. City of Portland et al.*, 124 Or 677, 265 P 790 (1928).

The United States Supreme Court since *Nebbia v. New York*, 291 US 502, 54 S Ct 505, 78 L Ed 940 (1934), has consistently rejected challenges that a particular state or municipal regulatory policy deprives the complainant of substantive due process guaranteed by the Fourteenth Amendment, unless grounded on a right protected by another amendment such as the First, Fourth or Fifth. In doing so the high court has of course declined to follow a long line of older decisions which had invalidated state and local legislation on this ground.

For the above reasons the order of the court below is affirmed.

Affirmed.