Argued and submitted November 10, 1980,
remanded for resentencing March 23, 1981

STATE OF OREGON,
*Respondent,*
*v.*
LEONARD RUBE CRAIG,
*Appellant.*
(No. 10-79-08722, CA 17822)
625 P2d 684

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

John C. Bradley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

CAMPBELL, J. PRO TEMPORE.*

---

*Appointed to Supreme Court December 1, 1980.

## CAMPBELL, J. PRO TEMPORE.

In the course of being arrested for being a minor in possession of alcohol, defendant entered into a fracas with Springfield Police Officers Michael Carlile and Michael McCluhan. Officer Carlile suffered arm injuries and incurred medical expenses and time loss in the amount of $636.84. Officer McCluhan received eye injuries resulting in $4,607.78 in expenses. The State Accident Insurance Fund (SAIF) paid these expenses. Defendant was convicted of assault in the second degree and assault in the fourth degree. As a condition of probation, defendant was ordered to make restitution to SAIF in the amount of $5,244.62. *See* ORS 137.103 *et seq.* On appeal, defendant contends SAIF is not a proper recipient of the restitution award.

The record indicates that the two police officers have both brought civil actions against the defendant. Even though the injured police officers have apparently made an election under ORS 656.578, we cannot determine the amount of the payments SAIF will receive by virtue of its lien on the officers' causes of action, ORS 656.580(2), 656.593(1). We therefore remand this case to the trial court for resentencing to require the defendant to make restitution in the amount of $5,244.62 to the injured police officers and SAIF as their interests may appear. *See State v. Divers,* 51 Or App 351, 625 P2d 681 (1980).

Remanded for resentencing.