Argued and submitted March 29, convictions affirmed; remanded for reconsideration
of restitution May 17, 1989

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL DEAN RENNER,
*Appellant.*

(D88-1925M; CA A50206)

773 P2d 1339

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of three counts of harassment. ORS 166.065. The trial court imposed a county jail sentence, suspended execution of the sentence and placed defendant on probation for three years. As a condition of probation, he was ordered to pay restitution to a police officer who was injured when defendant was arrested, to the county and to a private insurance company. Defendant appeals, assigning as error the imposition of that condition. We affirm the convictions but remand to the trial court for reconsideration of the restitution order.

The restitution that defendant was ordered to pay is $4,000 to a private insurance carrier for reimbursement of workers' compensation benefits paid to the officer. The record does not indicate whether an assignment of the officer's claim against the defendant has occurred. Therefore, this case is remanded to the trial court to determine whether the carrier is a "victim" within the context of ORS 137.106.[1] *See* ORS 656.578; ORS 656.783; *State v. Craig,* 51 Or App 357, 625 P2d 684 (1981); *State v. Divers,* 51 Or App 351, 625 P2d 681 (1981).

Convictions affirmed; remanded for reconsideration of restitution.

---

[1] ORS 137.106 provides that the court may order restitution to a "victim" as defined by ORS 137.103(4). A "victim" is a party or entity who would be entitled to recover civil damages from the defendant. *See* ORS 137.103(2); *State v. Dillon,* 292 Or 172, 179-80, 637 P2d 602 (1981).