Argued and submitted April 2, reversed and remanded December 12, 1990

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Appellant,*

*v.*

## Alyson Marie MEREDITH,
aka Alyson Marie Taylor,
*Respondent.*

(88-CV-0035-TM; CA A61506)

802 P2d 95

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

G. Kenneth Shiroishi, Portland, argued the cause for respondent. With him on the brief were Robert L. Nash and Dunn, Carney, Allen, Higgins & Tongue, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

SAIF brought this action pursuant to ORS 656.591 as the assignee of an injured worker's third party tort action. As an affirmative defense, defendant contended that SAIF is not the real party in interest, because the injured worker's cause of action for personal injuries could not be assigned to it. The trial court agreed and dismissed the action. Because we conclude that the worker's cause of action could be assigned to SAIF under the Workers' Compensation Act, we reverse and remand.

The parties have stipulated to the material facts for the purposes of this appeal. The worker, Karen Hayes, suffered a compensable injury in the course of her employment with Tumalo Emporium. SAIF, the employer's workers' compensation insurance carrier, accepted the claim and paid Hayes benefits for time loss and medical services. Before the claim was closed, but not in the course of her employment, Hayes was involved in an automobile accident with a car driven by defendant. The accident did not cause new injuries to Hayes, but worsened her symptoms and prolonged her recovery from her employment-related injury. SAIF was required to pay Hayes additional workers' compensation benefits as a result of the accident, because the compensable injury was a material contributing cause of Hayes' additional disability and need for treatment. *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981).

Hayes accepted workers' compensation and assigned her cause of action against defendant to SAIF pursuant to ORS 656.591. SAIF brought this action in its name for general and special damages, including the amounts that it was obligated to pay Hayes as a result of the aggravation of her compensable injury. Although SAIF concedes that a cause of action for personal injuries is not assignable at common law, it contends that it is authorized to bring this action by ORS 656.591(1),[1] which permits an assignment to the paying

---

[1] ORS 656.591(1) provides:

"An election made pursuant to ORS 656.578 not to proceed against the employer or third person operates as an assignment to the paying agency of the cause of action, if any, of the worker, the beneficiaries or legal representative of the deceased worker, against the employer or third person, and the paying agency may bring action against such employer or third person in the name of the injured worker or other beneficiaries."

The parties recognize that, if this cause of action is assignable, the complaint must be amended to show Hayes as the plaintiff. Defendant has abandoned the contention that SAIF is not the real party in interest.

agency of a third party action that a worker is entitled to maintain pursuant to ORS 656.154.

ORS 656.154 provides:

"If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."

ORS 656.578 provides:

"If a worker of a noncomplying employer receives a compensable injury in the course of employment, *or if a worker receives a compensable injury due to the negligence or wrong of a third person (other than those exempt from liability under ORS 656.018), entitling the worker under ORS 656.154 to seek a remedy* against such third person, such worker or, if death results from the injury, the other beneficiaries shall elect whether to recover damages from such employer or third person." (Emphasis supplied.)

Clearly, Hayes could have brought a tort action against defendant. The question is whether that would have been a "third party" action that she was entitled to maintain under ORS 656.154 and, therefore, subject to assignment under ORS 656.578 and ORS 656.591.

In *Wimer v. Miller*, 235 Or 25, 383 P2d 1005 (1963), the plaintiff sought to recover damages from the defendant, a physician, alleging that, while the plaintiff was under the defendant's care for a work-related injury to his wrist, the defendant negligently treated him, inflicting new injuries. The defendant contended that, because the new injuries were compensable and because the plaintiff had elected to receive workers' compensation benefits for those injuries, he was barred from bringing a tort action against his physician for the aggravation of the original injury.

The court reasoned that the legislature intended, by enacting ORS 656.154,[2] to permit a worker who suffers a

---

[2] At the time, ORS 656.154 contained its present text and an additional sentence that exempted from its terms third persons "on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590." The defendant did not contend that he fell within the exemption.

compensable injury to bring a third party action against any person whose negligent or intentional conduct caused the injury if that person is not otherwise immune from liability under the Workers' Compensation Act. In reaching that conclusion, the court discussed the term "third party" as it is used in ORS 656.154(1). It stated the general maxim that, in the absence of a clear legislative intent to the contrary, the court is bound to give to the words of a statute their natural and ordinary meaning. *Wimer v. Miller, supra,* 235 Or at 30. It concluded that the term "third party" as used in ORS 656.154 has its usual meaning and, quoting *Industrial Commission v. Standard Insurance Co.,* 370 P2d 156 (Colo 1962), stated:

> "[The term 'third person'] applies to any one incurring a common law liability for injury to workmen not immune to suit under the Act." *Wimer v. Miller, supra,* 235 Or 32.

The court held that the defendant was a third party within the meaning of ORS 656.154 and that the plaintiff could maintain a third party action against him for the aggravation of his compensable injury.

As in *Wimer,* Hayes' condition following the accident was a compensable aggravation for which SAIF was responsible. Because it was allegedly caused by defendant's negligence and defendant is not immune from common law liability under the Workers' Compensation Act, Hayes was entitled to maintain an action against defendant. Her common law right to do so has been expressly reserved in ORS 656.154.[3] ORS 656.578 provides for the assignment of a cause of action for the negligence or wrong of a third person "entitling the worker under ORS 656.154 to seek a remedy." Because Hayes was entitled under ORS 656.154 to bring a common law action, SAIF is entitled to an assignment of that action pursuant to ORS 656.578.

---

[3] As the Supreme Court stated in *Wimer:*

"Although we have mentioned several sections of our Workmen's Compensation Act, we wish to make it clear that plaintiff did not derive the cause of action mentioned in his complaint from any provision of that act. His cause of action came to him from the common law, and our purpose in mentioning the Workmen's Compensation Act has been to show that * * * [our earlier decisions] no longer prevent an injured workman who is the victim of malpractice from enforcing his cause of action against the physician whose negligence injured him." 235 Or at 37.

Reversed and remanded.