Argued and submitted October 29, 1990, reversed and remanded May 22,
reconsideration denied August 7, petition for review denied
September 24, 1991 (312 Or 150)

In the Matter of the Compensation of
Timothy E. Dooley, Claimant.

## SAIF CORPORATION,
*Petitioner,*

*v.*

Timothy E. DOOLEY,
*Respondent.*

(TP-89026; CA A63380)

812 P2d 18

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia Linder, Solicitor General, Salem.

Gary K. Jenson, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

SAIF petitioned the Workers' Compensation Board for a third-party distribution order, ORS 656.593(1)(d), that it was entitled to $5,481.43 of the proceeds from claimant's settlement of an action against a third party. ORS 656.593(3).[1] The Board denied the petition, and SAIF seeks review. We reverse.

There is no challenge to the Board's findings of fact. We review for errors of law. In June, 1986, claimant suffered a back injury at work, which caused pain in his low back, left hip and neck. SAIF accepted the claim and paid him benefits for medical costs and time loss. In May, 1987, as he was nearing medically stationary status, and while he was still receiving temporary total disability benefits, he was involved in an automobile accident unrelated to his employment. The accident resulted in new injuries and worsened his compensable condition. His physician was able to distinguish both the medical costs and the time loss attributable to the automobile accident from those attributable to the original injury. SAIF did not pay the medical costs of the accident. It paid him, however, $5,481.43 for four months of additional temporary total disability benefits for his worsened condition. Later, he sued the other driver and, with SAIF's approval, entered into a settlement for $24,593.75. ORS 656.593(3). SAIF then asserted that, as the paying agent, it should receive, as its just and proper share, $5,481.43 of the settlement proceeds. ORS 656.593(3).

The Board held that claimant did not suffer a "compensable injury" in the accident. It also held that the accident was not the consequence of a compensable injury. It concluded, therefore, that SAIF was not entitled to a share of the settlement proceeds. SAIF asserts that the Board erred and that it may share in the proceeds that claimant recovered from the third person that are attributable to the injury for which SAIF paid benefits.

---

[1] ORS 656.593(3) provides:

"A claimant may settle any third party case with the approval of the paying agency, in which event the paying agency is authorized to accept such a share of the proceeds as may be just and proper * * *. Any conflict as to what may be a just and proper distribution shall be resolved by the board."

ORS 656.578 provides:

"[I]f a worker receives a compensable injury due to the negligence or wrong of a third person * * *, entitling the worker under ORS 656.154 to seek a remedy against such third person, such worker * * * shall elect whether to recover damages from such employer or third person."

The Board erred as a matter of law when it ruled that claimant did not sustain "a compensable injury due to the * * * wrong of a third person." In *Grable v. Weyerhaeuser Company,* 291 Or 387, 631 P2d 768 (1981), the claimant suffered a compensable back injury at work and later suffered an injury at home that worsened his condition. The court said:

"If the claimant establishes that the compensable injury is a 'material contributing cause' of his worsened condition, he has thereby necessarily established that the worsened condition is not the result of an 'independent, intervening' non-industrial cause. We hold that an employer is required to pay workers' compensation benefits for worsening of a worker's condition where the worsening is the result of both a compensable on-the-job back injury and a subsequent off-the-job injury to the same part of the body if the worker establishes that the on-the-job injury is a material contributing cause of the worsened condition." 291 Or at 401.

An off-the-job injury that aggravates a compensable condition is a "compensable injury" within the meaning of ORS 656.578.

In *SAIF v. Meredith,* 104 Or App 570, 802 P2d 95 (1990), SAIF brought an action as the assignee of an injured worker's third party tort action stemming from an automobile accident injury that worsened the symptoms of her compensable condition and prolonged her recovery. We said that her

"condition following the accident was a compensable aggravation for which SAIF was responsible. * * * ORS 656.578 provides for the assignment of a cause of action for the negligence or wrong of a third person 'entitling the worker under ORS 656.154 to seek a remedy.' Because [the worker] was entitled under ORS 656.154 to bring a common law action, SAIF is entitled to an assignment of that action pursuant to ORS 656.578." 104 Or App at 574.

Here, as in *Meredith,* claimant could and did bring an action against the driver who caused the injury that aggravated his condition. SAIF was required to pay compensation for that aggravation. ORS 656.578; *Grable v. Weyerhaeuser Company, supra,* 291 Or at 401. Claimant sued the third party, and he settled the action with SAIF's approval. SAIF was entitled to receive its just and proper share of the settlement proceeds. ORS 656.593(3).

Reversed and remanded.